

FILED

MAY 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jacqueline T. Robinson-Reeder
2140 Brooks Drive #421
District Heights, Maryland 20747
301-996-0630

VS.

American Council on Education
1 Dupont Circle, N.W.
Washington, D.C. 20005

Case: 1:07-cv-00880
Assigned To : Bates, John D.
Assign. Date : 5/10/2007
Description: EMPLOY DISCRIM.

## COMPLAINT

This is a claim for violation of Title VII of the Civil Rights Act of 1964 and for

defamation. "Jurisdiction over the Title VII claim exists under 28 U.S. C. Sections

1331 and 1337." This court has supplemental jurisdiction over the claim for

"*Defamation.*" Venue is proper in this court. *Adverse Action, Constructive Discharge,*

*Retaliation and Workplace Discrimination* are noted for proper concern in this court.

This complaint is for a "Jury Trial."

On November 6, 2006, American Council on Education "ACE" unjustly put

plaintiff on "30 day probation pending termination" for alleged "rudeness" to ACE

employees. Plaintiff totally denies allegations of 'rudeness" to any co-worker and never

received the opportunity to dispute the false accusations. Probation stated that if another

complaint was confirmed within the "30 day period" by the Executive Director, the

plaintiff would be immediately terminated. Initial complaints are denied and not

1

confirmed by plaintiff and are categorized as "hearsay." Conversations with ACE staff occurred after September 7, 2006, and the first week of October 2006, during the time when the plaintiff was seeking technical assistance to have the PeopleSoft program installed on her computer.  ACE had neglected to provide technical assistance in the past to (2) two Caucasian employees who had similar technical problems as the plaintiff located at the HED location.  During their complaints the Caucasian employees were transferred and promoted.  The plaintiff an African American employee was put on "30 day probation pending termination" if further complaints were confirmed.  While the plaintiff never complained, but sought assistance, the Executive Director and Human Resources Director, put the plaintiff on "30 day probation pending termination" without verbal warnings and further forbidden any explanation from the plaintiff.

On October 17, 26th and November 1- 2, 2006, the plaintiff seeked assistance from Human Resources and Executive Director in providing support of insubordinate employee supervised.  The office assistant was hired on October 16, 2006, and reported to the plaintiff.  Plaintiff made several attempts to manage the insubordination of the employee.  Management staff ignored complaints, while the unhealthy working conditions shared in the front office became intolerable for the plaintiff.  The office assistant refused to complete assignments and disrespected the plaintiff (supervisor) starting on October 17, 2006 and continued to November 6, 2006.

Finally, on November 2, 2006, the Executive Director, plaintiff and office assistant met to discuss the insubordinate behavior noted by the plaintiff.  Unfortunately,

ACE management ignored the plaintiff's complaint again and chose to take **adverse action** by issuing the "30 day probation letter pending termination" stating false accusations for the reasoning of the probation. The probation letter was issued the following Monday, November 6, 2006, after the meeting being held on Thursday, November 2, 2006. If these complaints were legitimate why did they appear immediately after the meeting on November 2, 2006, and after my Orientation on November 2, 2006, when staff realized after meeting that I was an African American executive assistant?

Plaintiff has evidence that the "30 day probation pending termination" is a direct form of "retaliation" against the complaints regarding the office assistant, who is related or friends to the Human Resources associate. No other candidates were interviewed by the plaintiff and HED staff. The recommendation to hire the office assistant was pushed by favoritism from the Human Resources associate and therefore, explains the reason H.R. ignored the many attempts that the plaintiff initiated to improve the front office shared, while the office assistant ran amok and displayed defiant behavior towards her immediate supervisor, the plaintiff.

The plaintiff, endured the lack of management support to improve the front area workplace shared by the  progressively unruly office assistant, the refusal to address the concerns of the need of technical support, coupled with the false accusations without the ability to be allowed the opportunity to defend or dispute any complaint, while pending the "30 day" threat of termination from ACE management, the plaintiff suffered mental anguish in the predicament of trying to function in a unhealthy workplace environment

3

The plaintiff has not been able to secure a permanent position at the yearly salary of $49,0000 since the constructive discharge in November 6, 2006. This income level was secured prior and during employment at ACE. The refusal to supply required job references to potential employers seeking job-related qualifications has been ignored several times by ACE and the Executive Director of HED.

I was advised by EEOC to remove ACE from my resume, which has caused my career in the Education field as an Executive Assistant to become stagnate. I have exhausted most of the job market with my resume. Potential employers are concerned about the lack of job references and circumstantial evidence has been proven when the potential employer informs me that the references were not favorable and also suggest the removal of ACE from plaintiff's resume.

The plaintiff is in direct harm of experiencing severe financial distress due to the inability to secure employment. The most harmful fault of the denial of job references has caused the default of the tuition of plaintiff's, son attending Bowie State University. The student's account has never been in default. Plaintiff is in the process of securing legal representation with several *pro bono* attorneys seeking to represent the plaintiff. The Archdiocesan Legal Network of Catholic Charities has showed a great interest in assisting as well. Therefore, the plaintiff will not be *"pro se"* at time of hearing. The plaintiff will supply evidence of discrimination to lawyer when deemed necessary.

5

The plaintiff is seeking the court to provide compensatory and punitive damages and any other relief that the court deems just.  The EEOC "Right to Suit" is attached.

Sincerely,

Jacqueline T. Robinson-Reeder

2140 Brooks Drive, #421

District Heights, Maryland  20747

6

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jacqueline T. Robinson-Reeder<br>2140 Brooks Drive<br>#421<br>Forestville, MD 20747 | From: | Washington Field Office - 570<br>1801 L Street, N.W.<br>Suite 100<br>Washington, DC 20507 |
|---|---|---|---|

☐  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2007-00606 | Janet Stump,<br>Enforcement Supervisor | (202) 419-0736 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐  While reasonable efforts were made to locate you, we were not able to do so.

☐  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Dana Ratitit_

**FEB 1 2 2007**

Enclosures(s)

**Dana Hutter,
Director**

(Date Mailed)

cc:   **David Ward
President
AMERICAN COUNCIL ON EDUCATION
One Dupont Circle, N.W.
Washington, DC 20036**

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

07-880
JDB

**I (a) PLAINTIFFS**

Jacqueline T. Robinson-Reeder

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  PG
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

American Council on Education

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  DC
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:07-cv-00880
Assigned To : Bates, John D.
Assign. Date : 5/10/2007
Description: EMPLOY DISCRIM.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

---

**II. BASIS OF JURISDICTION**
(PLACE An x IN ONE BOX ONLY)

☐ 1 U.S. Government
   Plaintiff

☐ 3 Federal Question
   (U.S. Government Not a Party)

☐ 2 U.S. Government
   Defendant

☐ 4 Diversity
   (Indicate Citizenship of Parties
   in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

☐ **E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G. Habeas Corpus/2255** | ☐ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☑ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(If Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII of the Civil Rights Act of 1964 - Sections 1331/1337

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint    **JURY DEMAND:** ☑ YES    ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☑ NO    If yes, please complete related case form.

DATE 5/16/07    **SIGNATURE OF ATTORNEY OF RECORD**    *(signature)*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd