# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE ROBINSON-REEDER,  )<br>                                                          )<br>    Plaintiff,                                     )<br>                                                          )<br>    v.                                                )<br>                                                          )<br>AMERICAN COUNCIL ON EDUCATION, )<br>                                                          )<br>    Defendant.                                 )<br>                                                          ) | Case: 1:07-cv-00880 (JDB)<br><br>ELECTRONICALLY FILED |

## **ANSWER**

Defendant American Council on Education, through undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff Jacqueline Robinson-Reeder.[1]

1. American Council on Education admits that the Complaint states allegations that purportedly support this Court's jurisdiction over this action on federal question and supplemental jurisdiction grounds and asserting venue over those claims, but denies the legal and factual sufficiency of any claim therein and demands strict proof thereof. American Council on Education admits that the Complaint alleges violations of Title VII (42 U.S.C. §§ 2000e *et seq.*) and of the common law of defamation, but denies the legal and factual sufficiency of those allegations and demands strict proof thereof.

---

[1] The Complaint did not contain numbered paragraphs. For ease of reference, American Council on Education has sequentially numbered each paragraph of the Complaint and has answered each of those paragraphs as if numbered.

2. American Council on Education denies the allegations of paragraph 2 of the Complaint that characterize Plaintiff's probation letter, dated November 6, 2006, as "unjustly" placing Plaintiff on "30 day probation pending termination" and stating that Plaintiff faced immediate termination. The terms of Plaintiff's probation letter speak for themselves. American Council on Education denies the remaining allegations in paragraph 2 of the Complaint.

3. American Council on Education admits that an office assistant was hired on October 16, 2006, and further admits that the office assistant reported to Plaintiff. American Council on Education admits that on certain dates in October and November, 2006, Plaintiff sought assistance from Human Resources regarding Plaintiff's concerns about the office assistant's behavior. American Council on Education lacks sufficient information to admit or deny the allegation that Plaintiff made several attempts to manage the office assistant's alleged insubordination. American Council on Education denies the remaining allegations in paragraph 3 of the Complaint.

4. American Council on Education admits that Plaintiff met with the Executive Director and the office assistant on November 2, 2006 to discuss Plaintiff's concerns about the office assistant's behavior. American Council on Education denies the remaining allegations in paragraph 4 of the Complaint.

5. American Council on Education denies the allegations in paragraph 5 of the Complaint.

6. American Council on Education denies the allegations in paragraph 6 of the Complaint.

7. American Council on Education admits that Plaintiff wrote a letter of resignation dated November 7, 2006, to be effective November 27, 2006. American Council on Education admits that although Plaintiff remained on the payroll until November 27, 2006, Plaintiff's last day of work at American Council on Education was November 7, 2006. American Council on Education denies the remaining allegations in paragraph 7 of the Complaint.

8. American Council on Education denies the allegations in paragraph 8 of the Complaint.

9. American Council on Education denies the allegations in paragraph 9 of the Complaint. American Council on Education asserts that Plaintiff is not entitled to the relief stated in paragraph 9 of the complaint

10. American Council on Education admits that Plaintiff was paid at an annual rate of at least $49,000 during the term of her employment. American Council on Education lacks sufficient information to admit or deny the allegations regarding Plaintiff's "not being able" to secure a position since November 2006. American Council on Education denies the remaining allegations in paragraph 10 of the Complaint.

11. American Council on Education lacks sufficient information to admit or deny the allegations in paragraph 11 of the Complaint.

12. American Council on Education lacks sufficient information to admit or deny the allegations in paragraph 12 of the Complaint. American Council on Education denies that the alleged harm described in paragraph 12 of the Complaint is due to any act by American Council on Education.

13. American Council on Education denies that Plaintiff is entitled to the relief stated in paragraph 13 of the Complaint. American Council on Education admits that Plaintiff has attached to the Complaint of copy of the EEOC Dismissal and Notice of Rights for Charge No. 570-2007-00606.

Any allegations not specifically admitted are denied.

## **AFFIRMATIVE DEFENSES**

American Council on Education raises the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by insufficiency of service of process.

3. Plaintiff's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, because she failed to avail herself of the preventative and corrective opportunities provided by American Council on Education or to avoid harm otherwise.

5. Plaintiff's claims are barred, in whole or in part, because she voluntarily resigned.

4

6. Plaintiff's defamation claim is barred by qualified privilege.

7. Plaintiff has failed to state sufficient facts to justify an award of compensatory or punitive damages.

8. Plaintiff's damages, if any, are barred by her failure to mitigate.

WHEREFORE, American Council on Education prays for judgment that:

A. Plaintiff takes nothing by this action;

B. American Council on Education be awarded its costs of this suit;

C. American Council on Education be awarded its attorneys' fees for this suit; and

D. For such other and further relief as this Court deems just and proper.

Dated: June 1, 2007                    Respectfully submitted,

/s/ Christine N. Kearns
Christine N. Kearns (No. 416339)
Julia Judish (No. 15097)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, NW
Washington, DC 20037
Phone: (202) 663-8000
Facsimile: (202) 663-8007

Counsel for Defendant American Council on Education

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of June, 2007, a copy of the foregoing Answer was served by first-class U.S. mail, postage prepaid to the *pro se* plaintiff:

> Jacqueline Robinson-Reeder
> 2140 Brooks Drive, #421
> District Heights, MD 20747

/s/ Julia Judish
Julia Judish