**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
JACQUELINE ROBINSON-REEDER,      )
                                            )
                    Plaintiff,              )
                                            )
          vs.                              )      Case: 1:07-cv-00880 (JDB)
                                            )
AMERICAN COUNCIL ON EDUCATION,  )      ELECTRONICALLY FILED
                                            )
                    Defendant.             )
_____)

**<u>DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Christine N. Kearns (No. 416339)
Julia E. Judish (No. 461630)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000

Counsel for Defendant
American Council on Education

## <u>TABLE OF CONTENTS</u>

Page

I. BACKGROUND ................................................................................................. 2

II. ARGUMENT ...................................................................................................... 5

    A.    The Standards For Dismissal. ................................................................. 5

    B.    The Title VII Claims Must Be Dismissed............................................... 7

        1.    Ms. Robinson-Reeder Has Failed To Exhaust Her Administrative Remedies with Respect To The Alleged Disparate Treatment Arising From A Request For Technical Assistance.................................................. 7

        2.    The Discrimination Claim Fails In Its Entirety Because The Complaint Does Not Allege An Adverse Employment Action. .................................. 8

            a.    Ms. Robinson-Reeder's Probation Notice Was Not An Adverse Employment Action. ....................................................... 9

            b.    Ms. Robinson-Reeder's Resignation Does Not Constitute An Adverse Employment Action........................................................ 11

    C.    The Retaliation Claim Must Be Dismissed........................................... 14

        1.    Ms. Robinson-Reeder Again Failed To Exhaust Her Administrative Remedies........................................................................ 14

        2.    Even If The Court Considers Ms. Robinson-Reeder's Retaliation Claim, Her Allegations Fail................................................................... 14

    D.    The Court Should Decline To Exercise Supplemental Jurisdiction Over Ms. Robinson-Reeder's Defamation Claim. ......................................... 17

III. CONCLUSION................................................................................................. 18

Defendant American Council on Education ("ACE"), through counsel, respectfully moves pursuant to Federal Rules of Civil Procedure 12(c) and 12(b)(1), for dismissal of Plaintiff Jacqueline Robinson-Reeder's claims.[1]   This case arises from Ms. Robinson-Reeder's decision to quit her job at ACE after just two months.  As stated in her Complaint, she submitted a letter of resignation the day after she was placed on a thirty-day probation, following complaints by other employees about her rude and unprofessional behavior.  Rather than attempt to correct her performance deficiencies, she voluntarily resigned.

Ms. Robinson-Reeder has brought claims under Title VII contending that ACE's decision to place her on a thirty-day probation and her subsequent "constructive discharge" were the result of racial discrimination (she is African-American) and retaliation.  Ms. Robinson-Reeder has failed to exhaust her administrative remedies with respect to one aspect of her discrimination claim (alleging disparate treatment in connection with ACE's response her complaints about technical computer problems) and with respect to her entire retaliation claim.  For that reason, those portions of the Complaint must be dismissed.  In addition, the facts alleged do not support discrimination or retaliation as a matter of law.  As a result, the Title VII claims should be dismissed with prejudice.  Ms. Robinson-Reeder also contends that ACE defamed her by giving negative references to unidentified potential employers.  Once the Court dismisses her Title VII claims, it will have no independent basis to exercise jurisdiction over her common law

---

[1] Ms. Robinson-Reeder never properly served the Summons and Complaint on ACE, and ACE noted the insufficiency of the service of process as an affirmative defense in its Answer, filed on June 1, 2007.  ACE has nevertheless declined to file a motion to dismiss the Complaint for insufficiency of service under Rule 12(b)(5), and seeks dismissal on the merits.  *See Jackson v. Beech*, 636 F.2d 831, 832 (D.C. Cir. 1980) ("strong policies favor the resolution of genuine disputes on their merits"); *D.C. Dep't of Admin. Servs. v. Int'l Bhd. of Police Officers, Local 445*, 680 A.2d 434, 438 (D.C. 1996) (reversing trial court's dismissal based on error in caption and noting that "our decision is controlled by the preference manifested by the rules of civil procedure 'for resolution of disputes on the merits, not on technicalities of pleading'") (quoting *Keith v. Washington*, 401 A.2d 468, 470 (D.C. 1979)).

defamation claim.  Therefore, the Court should dismiss the defamation claim pursuant to Rule 12(b)(1).

## I.    BACKGROUND

Ms. Robinson-Reeder began working at ACE on a temporary basis in June 2006, and was hired on a permanent basis as an Executive Assistant on September 7, 2006.  See December 15, 2006 Charge of Discrimination filed with the Equal Opportunity Employment Commission ("EEOC Charge").[2]

In her Complaint, Ms. Robinson-Reeder contends that in September and October 2006, she experienced and complained about technical problems with a new software program installed on her computer.  Complaint at ¶ 2.[3]  She alleges that ACE had similarly neglected to provide adequate technical support to two Caucasian employees, and, after those employees complained about their lack of assistance, they were transferred and promoted.  *Id*.  Ms. Robinson-Reeder contends that when she sought help in addressing her technical problems, she was placed on a thirty-day probation.  *Id*.

On October 16, 2006, ACE hired LaTisha Wadlington as an office assistant who reported to Ms. Robinson-Reeder.  Complaint at ¶ 3.  In October and November 2006, Ms. Robinson-Reeder sought assistance from Human Resources and the Executive Director in supervising her new and allegedly "insubordinate" assistant.  *Id*.  Ms. Robinson-Reeder contends that ACE

---

[2] Although Ms. Robinson-Reeder attached a copy of her EEOC Notice of Dismissal and Right to Sue to the Complaint, she did not attach the corresponding EEOC Charge.  Accordingly, a copy of the EEOC Charge is attached to the accompanying Declaration of Noreene Duggan as Exhibit A.  Where "Plaintiffs rely on such documents in their Complaint, as they have notice and possession of such documents, and as there is no dispute as to their authenticity, consideration of them is proper on a motion to dismiss."  *Washkoviak v. Student Loan Mktg. Ass'n*, 849 A.2d 37, 40 (D.C. 2004) (considering documents attached to defendant's motion to dismiss).

[3] For purposes of this motion only, ACE accepts Ms. Robinson-Reeder's factual allegations in the Complaint as true.  The Complaint also did not contain numbered paragraphs.  For ease of reference, ACE has cited the paragraphs of the Complaint as if they were sequentially numbered.

ignored her complaints about the office assistant's alleged refusal to complete assignments and her disrespect for Ms. Robinson-Reeder.  As a result, the "unhealthy working conditions shared in the front office became intolerable for the plaintiff."  *Id*.  On November 2, 2006, Ms. Robinson-Reeder met with the Executive Director and the office assistant to discuss Ms. Robinson-Reeder's concerns about the office assistant's behavior.  Complaint at ¶ 4.  At that meeting, Ms. Robinson-Reeder learned of the complaints about her rude behavior by other ACE employees.  *Id*.

Ms. Robinson-Reeder alleges that she received written notice dated November 6, 2006, that she was being placed on the thirty-day probation (the "Probation Notice").  Complaint at ¶ 2.[4]  The Probation Notice states that during the "short course" of Ms. Robinson-Reeder's employment at ACE, the Executive Director had received complaints about her from ACE staff in four different departments.  According to the Probation Notice, Ms. Robinson-Reeder made the following statements to other ACE employees:

- "I want to talk to someone who knows what they are doing."
- "I have 15 years' experience and I don't have to deal with you."
- "I am an Executive Assistant; I don't have to deal with this crap."

*See* Probation Notice.  The Probation Notice stated, "this behavior described above will not be tolerated at ACE.  My expectation is that you will change your behavior immediately."  *Id*.  The Probation Notice concluded, "Jackie, I think you have tremendous potential as an employee of ACE and HED.  Please let me know if I can do anything to assist you as you address these concerns."  *Id*.

In her Complaint, Ms. Robinson-Reeder denies that she was rude to other employees. Complaint at ¶¶ 2, 4.

---

[4] The Probation Notice, signed by Ms. Robinson-Reeder, is attached to the Duggan Declaration as Exhibit B.

On November 7, 2006, immediately upon receiving the Probation Notice, Ms. Robinson-Reeder submitted a written "letter of resignation" to ACE.  Complaint at ¶ 7.[5]  The letter of resignation stated:

> I have enjoyed working with you and your staff, however after receiving the letter of probation after I seeked [sic] assistance in dealing with LaTisha Wadlington's insubordination, which, has not been addressed to this date, I have no choice but to resign my position effective on Monday, November 27, 2006.

The "letter of resignation" does not refer to racial discrimination at all.

Ms. Robinson-Reeder's Complaint also alleges that she suffered "mental anguish" and had "no recourse but to resign" from her employment at ACE as a result of a lack of support in dealing with the "progressively unruly" office assistant who "ran amok and displayed defiant behavior" towards Ms. Robinson-Reeder, her technical problems with the installation of a new computer program, and "false accusations" of rudeness which led to her being placed on probation.  Complaint at ¶¶ 5, 6.  Finally, Ms. Robinson-Reeder alleges that ACE retaliated against her by asking her to leave the office immediately after it received her letter of resignation, rather than allow her to stay until November 27, 2006, the date she had selected to leave.  Complaint at ¶ 7.

Ms. Robinson-Reeder filed her EEOC Charge on December 15, 2006.  In the section of the form that specifies the legal nature of the charge, she checked only the box for "race" discrimination.  She did not check the box for retaliation or describe alleged retaliation in the EEOC Charge itself.  Ms. Robinson-Reeder states in her EEOC Charge that she believed she was "discriminated against based upon [her] race, Black."  EEOC Charge at ¶ II.  In describing the particulars of her discrimination charge, Ms. Robinson-Reeder stated that she was placed on

---

[5] Ms. Robinson-Reeder's letter of resignation is attached to the Duggan Declaration as Exhibit C.

probation for thirty days "based upon complaints that [she] had been rude to individuals [employed at ACE]. . . .  Subsequently, on 11/6/06, I was forced to submit a notice of resignation from employment to become effective 11/27/06 due to this intolerable treatment."  *Id.* at ¶ I.  She did not state in the EEOC Charge that she was treated differently than Caucasian employees who also sought technical support.  *Cf.* Complaint at ¶ 2.[6]  Indeed, in the EEOC Charge, she does not refer to the request for technical assistance or her office assistant.

The EEOC Charge was quickly dismissed, and the EEOC issued Ms. Robinson-Reeder a right to sue letter on February 12, 2007.  Ms. Robinson-Reeder filed her Complaint against ACE in this Court on May 10, 2007.  ACE filed its Answer, denying Ms. Robinson-Reeder's allegations, on June 1, 2007.

## II.    ARGUMENT

### A.    The Standards For Dismissal.

A motion for judgment on the pleadings under Rule 12(c) is assessed under the "same standard" as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Dale v. Exec. Office of the President*, 164 F. Supp. 2d 22, 24 (D.D.C. 2001) (granting defendant's judgment for motion on the pleadings).  Under the notice pleading standard defined in *Swierkiewicz v. Sorema*

---

[6] Ms. Robinson-Reeder's allegations in the Complaint are also internally inconsistent in material respects, which preclude amendment of her pleading.  First, Ms. Robinson-Reeder claims that ACE racially discriminated against her by placing her on probation after the Executive Director realized that she was African-American during their meeting on November 2, 2006.  *Id.* at ¶ 4.  Later in the Complaint, Ms. Robinson-Reeder admits that the real reason she was placed on probation was not racial discrimination, but nepotism, contending that the probation was a "direct form of 'retaliation'" for her complaints about the office assistant, whom Ms. Robinson-Reeder alleges "is related or friends to [a] Human Resources associate [at ACE]."  *Id.* at ¶ 5.  Second, Ms. Robinson-Reeder's contention that ACE "ignored" her complaints about the office assistant (Complaint at ¶¶ 3, 4) is directly contradicted by statements in the Complaint that the Executive Director met with Ms. Robinson-Reeder and the office assistant to discuss Ms. Robinson-Reeder's concerns on November 2, 2006.  *Id.* at ¶ 4.  Finally, Ms. Robinson-Reeder pleads both that she was constructively discharged, which the law treats as an involuntary termination, and that ACE defamed her by alleged statements that she was terminated.  *Id.* at ¶¶ 6, 8.

*N.A.*, 534 U.S. 506 (2002), a Title VII plaintiff need not plead each element of the *prima facie* case. A plaintiff, however, "must allege facts that if true would establish the elements of each claim." *See Rattigan v. Gonzales*, Civ. A. No. 04-2009 (ESH), 2007 U.S. Dist. LEXIS 39227, at *34 (D.D.C. May 31, 2007) (holding that "plaintiff's remaining claims of discrimination must be dismissed because the Complaint does not state a claim for relief that is plausible on its face.") The Court may, however, "explore the plaintiff's *prima facie* case at the dismissal stage to determine 'whether the plaintiff can *ever* meet his initial burden to establish a *prima facie* case,'" for Title VII discrimination. *Id.* (emphasis in original) *citing Rochon v. Ashcraft*, 319 F. Supp. 2d 23, 29 (D.D.C. 2004), *rev'd on other grounds*, 438 F.3d 1211 (D.C. Cir. 2006).[7]

That Ms. Robinson-Reeder is a *pro se* plaintiff should not preclude the Court from dismissing her claims. Courts generally hold the pleadings filed by *pro se* litigants to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this Court has cautioned that "[d]espite this leniency, a *pro se* plaintiff's complaint 'must at least meet a minimal standard' of what pleadings must entail.'" *Green v. DoD Dependent Schools-Europe*, 2007 U.S. Dist. LEXIS 26668, at **7-8 (D.D.C. Apr. 11, 2007) (dismissing *pro se* plaintiff's claim for lack of jurisdiction under Rule 12(b)(1)) (citing

---

[7] *See also Stewart v. Evans*, 275 F.3d 1126, 1129, 1135-36 (D.C. Cir. 2002) (affirming dismissal of retaliation claim under Rule 12(c) where plaintiff failed to allege facts showing adverse employment action because there was no change in her job position, pay, grade or benefits); *King v. Jackson*, 468 F. Supp. 2d 33, 38-39 (D.D.C. 2006) (dismissing retaliation claim under Rule 12(b)(6) where plaintiff's allegations "cannot establish that he engaged in the type of 'protected activity' that would enable him to make out a *prima facie* case of retaliation under Title VII"), *aff'd*, No. 06-5149, 2007 U.S. App. LEXIS 12341 (D.C. Cir. May 29, 2007); *Totten v. Norton*, 421 F. Supp. 2d 115, 121 (D.D.C. 2006) (Bates, J.) (dismissing plaintiff's retaliation claim under Rule 12(b)(6) where plaintiff "failed to allege facts sufficient to support [adverse employment action] element of a *prima facie* case of retaliation"); *Stanford v. Potomac Elec. Power Co.*, 394 F. Supp. 2d 81, 92 (D.D.C. 2005) (dismissing retaliation claim under Rule 12(b)(6) where plaintiff failed to allege facts showing that he suffered an adverse employment action); *Major v. Plumbers Local Union No. 5*, 370 F. Supp. 2d 118, 128-29 (D.D.C. 2005) (Bates, J.) (dismissing discrimination claims on 12(b)(6) motion because plaintiffs "failed to allege sufficient facts to state a claim").

*Price v. Phoenix Home Life Ins. Co.*, 44 F. Supp. 2d 28, 31 (D.D.C. 1999)); *see also Woodruff v. Peters*, Civ. A. No. 05-2071 (PLF), 2007 U.S. Dist. LEXIS 34127, at **7-8 (D.D.C. May 9, 2007) ("[A] *pro se* plaintiff's inferences need not be accepted if such inferences are unsupported by the facts set out in the complaint . . . . A *pro se* complaint, like any other, must state a claim upon which relief can be granted by the court.") (dismissing *pro se* plaintiff's due process claim raised in connection with Title VII claim) (internal citations and quotations omitted).

     **B.**     **The Title VII Claims Must Be Dismissed.**

          **1.**     **Ms. Robinson-Reeder Has Failed To Exhaust Her Administrative Remedies with Respect To The Alleged Disparate Treatment Arising From A Request For Technical Assistance.**

     A plaintiff may only proceed to federal court with a Title VII claim on "those allegations that were contained in an EEOC complaint or those that are 'like or reasonably related to the charge and grow out of such allegations.'" *Rattigan*, 2007 U.S. Dist. LEXIS 39227, at **24-25 *citing Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge," *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) (affirming grant of summary judgment on wrongful termination claim where plaintiff's EEOC charge made no mention of her termination) (internal citation and quotations omitted). The "administrative exhaustion requirement applies to all discrete acts of discrimination or retaliation." *Nurriddin v. Goldin*, 382 F. Supp. 2d 79, 92 (D.D.C. 2005) (Bates, J.), *aff'd*, No. 05-5386, 2007 U.S. App. LEXIS 9001 (D.C. Cir. Apr. 16, 2007). Finally, this Court has recently recognized that "[t]hese procedural requirements governing plaintiff's right to bring a Title VII claim in federal court are not trivial . . . . Dismissal results when a plaintiff fails to exhaust administrative remedies." *Rattigan*, 2007 U.S. Dist.

LEXIS 39227, at **21-22 *citing Gillet v. King*, 931 F. Supp. 9, 12-13 (D.D.C. 1996) (dismissing Title VII claim for failure to exhaust administrative remedies).

The EEOC Charge filed by Ms. Robinson-Reeder makes no reference at all to her alleged complaints about inadequate technical assistance or those made of Caucasian employees.  It is also silent with respect to alleged disparate treatment by ACE with respect to those complaints. Neither the EEOC, in investigating the Charge, nor ACE, in responding to it, had any notice that the alleged disparate treatment arising from lack of technical assistance was an issue.  The failure to raise these allegations with the EEOC undercuts the purpose of the exhaustion requirement. As a result, the portion of the Complaint alleging discrimination with respect to Mr. Robinson-Reeder's complaints about technical assistance must be dismissed.[8]

### 2. The Discrimination Claim Fails In Its Entirety Because The Complaint Does Not Allege An Adverse Employment Action.

A plaintiff alleging discrimination under Title VII must show that she is a member of a protected class; she suffered an adverse employment action; and the adverse action gives rise to an inference of discrimination.  *Armstrong v. Jackson*, Civ. A. No. 05-0075 (JDB), 2006 U.S. Dist. LEXIS 48149, at **6-7, 16 (D.D.C. July 17, 2006) (Bates, J.)  Ms. Robinson-Reeder's claim of racial discrimination fails because she can not identify an adverse action as a matter of law.  Neither placement on a thirty-day probation nor her so-called "constructive discharge" are legally sufficient.[9]

---

[8] The entire retaliation claim must be dismissed for the same reason, but will be addressed separately.

[9] Ms. Robinson-Reeder describes the nature of her Title VII claim as "Adverse Action, Constructive Discharge, Retaliation, and Workplace Discrimination."  Complaint at ¶ 1.  However, adverse action is an element of discrimination and retaliation claims, and constructive discharge is not an independent cause of action.  *See Kalinoski v. Gutierrez*, 435 F. Supp. 2d 55, 73-74 (D.D.C. 2006) (Bates, J.) (constructive discharge is not an independent claim, but rather "a *consequence* of the discrimination and retaliation") (emphasis in original).

### a.    Ms. Robinson-Reeder's Probation Notice
### Was Not An Adverse Employment Action.

As this Court has explained, "an employee suffers an adverse employment action if he experiences materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find *objectively tangible harm*." *Rattigan*, 2007 U.S. Dist. LEXIS 39227, at *35 (emphasis in original) (citing *Forkkio v. Powell*, 306 F.3d 1127, 1131 (D.C. Cir 2002)).  "[N]ot everything that makes an employee unhappy is an actionable adverse action." *Russell v. Principi*, 257 F.3d 815, 818 (D.C. Cir. 2001).  *See also Everson v. Medlantic HealthCare Group*, 414 F. Supp. 2d 77, 82-83 (D.D.C. 2006) (granting employer's motion for summary judgment on age discrimination claim where employee failed to state adverse employment action).  The D.C. Circuit has defined an adverse employment action as "a significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing significant change in benefits." *Taylor v. Small*, 350 F.3d 1286, 1293 (D.C. Cir. 2003).  This Court has held that "only disciplinary actions that result in a tangible harm, such as a change in grade, salary, or other benefits, rise to the level of adverse employment actions." *Everson,* 414 F. Supp. 2d at 83.  "In sum, for there to be an adverse employment action, there must be a 'significant change in employment status.'" *Walker v. Washington Metro. Area Transit Auth.*, 102 F. Supp. 2d 24, 29 (D.D.C. 2000) (granting employer's motion for summary judgment where employee failed to show adverse employment action) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)).

Ms. Robinson-Reeder has alleged that she suffered an adverse employment action by being placed on a thirty-day probation.  Complaint at ¶ 2.  She is wrong.  The Probation Notice in no way changed the terms, conditions, or privileges of her employment.  There is no allegation

that her salary and other benefits were affected by the probation.  *See Brown v. Brody*, 199 F.3d

446, 458 (D.C. Cir 1999) (affirming summary judgment for employer on discrimination claim

and noting that a "thick body of precedent . . . refutes the notion that formal criticism or poor

performance evaluations are necessarily adverse actions"); *Everson,* 414 F. Supp 2d at 83 (no

adverse action based on four reprimands that did not affect terms or conditions of employment);

*Coleman v. Dist. of Columbia*, Civ. A. No. 04-1325 (GK), 2006 U.S. Dist. LEXIS 59117, at *12

(D.D.C. Aug. 22, 2006) (plaintiff's reprimand was not an adverse employment action, noting that

"[t]his Circuit has consistently held that official reprimands and other disciplinary actions that

have no effect on an employee's grade or salary level do not constitute adverse employment

actions"); *Walker*, 102 F. Supp. 2d at 29 (no adverse employment action where "mild

disciplinary notice filed against [plaintiff] did not effect any material change in his title, duty,

salary, benefits, or working hours, nor does [plaintiff] so allege").  *See also Broderick v.*

*Donaldson*, 437 F.3d 1226, 1233-34 n.2 (D.C. Cir. 2006) (affirming grant of summary judgment

for employer where plaintiff failed to show adverse action based on disciplinary memo issued

after plaintiff became hostile and raised her voice to colleague; disciplinary memo did not affect

plaintiff's grade, salary, duties, or responsibilities).

Likewise, this Court has consistently held that a warning of the possibility of future

disciplinary action, including termination, will not be construed as an adverse employment action

unless the warning affects the terms, conditions, and privileges of employment.  *See Santa Cruz*

*v. Snow,* 402 F. Supp. 2d 113, 122 (D.D.C. 2005) (no adverse employment action where plaintiff

was advised that "failure to heed these warnings may result in administrative action being taken

against you, including the possibility of removal from your position"); *Nurriddin*, 382 F. Supp.

2d at 94 (allegation that a letter of reprimand may affect future promotions too speculative to

constitute adverse employment action).  Accordingly, the fact that Ms. Robinson-Reeder

received a Probation Notice is insufficient to constitute an adverse employee action.

### b.    Ms. Robinson-Reeder's Resignation Does Not Constitute An Adverse Employment Action.

In this Circuit:

> An actionable constructive discharge claim requires a showing that (1) intentional discrimination existed, (2) the employer made working conditions intolerable, and (3) aggravating factors justified the plaintiff's conclusion that she had no option but to end her employment.

*Carter v. George Washington Univ.*, 180 F. Supp. 2d 97, 110 (D.D.C. 2001), *aff'd,* 387 F.3d 872

(D.C. Cir. 2004) *citing Clark v. Marsh*, 665 F.2d 1168, 1173-74 (D.C. Cir. 1981).  *See also*

*Katradis v. Dav-El of Washington, D.C.*, 846 F.2d 1482, 1485 (D.C. Cir. 1988).

The standard for evaluating an alleged constructive discharge is an objective one:

"whether a *reasonable* employee would have concluded that the conditions made remaining in

the job unbearable and thus would have felt compelled to resign."  *Kalinoski v. Gutierrez*, 435 F.

Supp. 2d 55, 78 (D.D.C. 2006) (Bates, J.) (emphasis in original) (internal citations and

quotations omitted).  This Court has noted that federal courts "have established a relatively high

threshold for what a reasonable employee would tolerate."  *Id.*  Ms. Robinson-Reeder's

allegations fail to meet the standard for constructive discharge.

In the Complaint, Ms. Robinson-Reeder admits that she resigned and, in fact, that she

submitted a letter of resignation.  Complaint at ¶ 7.  She attempts to treat her admitted

resignation as involuntary, characterizing it as a "constructive discharge."  She claims that she

suffered "mental anguish" due to her "unhealthy workplace environment" and was driven to

resign due to the allegedly "progressively unruly" conduct of the office assistant whom she

supervised, an alleged lack of computer support, and the stress of being placed on probation due

to "false accusations" of rudeness. *Id.* at ¶ 6. These conditions fall far short of converting her admitted voluntary resignation into a constructive discharge as a matter of law.

First, there is no allegation in the Complaint at all that the resignation was connected to "intentional" racial discrimination. To the contrary, Ms. Robinson-Reeder describes her many reasons for quitting with specificity – none were discrimination.

Second, "[t]he kinds of situations where courts have upheld constructive-discharge findings tend to involve extreme mistreatment or thinly veiled (or even overt) threats of termination." *Kalinoski*, 435 F. Supp. 2d at 78. Indeed, "[t]he plaintiff must show that the defendant deliberately made her working conditions intolerable." *Carter*, 180 F. Supp. 2d at 111. Ms. Robinson-Reeder's Complaint does not reflect deliberate threats or mistreatment. To the contrary, she alleges that the Executive Director met with her to discuss her insubordinate employee. The Probation Notice, to which she cites in the Complaint, contains the encouraging words, "I think you have tremendous potential as an employee of ACE and HED. Please let me know if I can do anything to assist you. . . ." Moreover, her own "letter of resignation," begins, "I have enjoyed working for you and your staff. . . ." The Complaint simply does not (and can not) allege the requisite deliberateness.

Third, no reasonable person in Ms. Robinson-Reeder's situation would have felt compelled to resign as a matter of law. In *Kalinoski*, this Court rejected the claim that an involuntary reassignment, rejection for a Chairman position, denial of medical leave, and placement on leave without pay status were action that a reasonable employee would find intolerable. The Court explained that the employer's personnel decisions "may have been career-harming, but there has been no evidence offered to show that they were essentially career-ending." *Kalinoski*, 435 F. Supp. 2d at 79. In contrast, Ms. Robinson-Reeder's Probation Notice

could not be deemed a "career-ending" action by a reasonable employee.  While Ms. Robinson-Reeder may have felt "undervalued," no reasonable person would have taken ACE's actions as a sign that ACE no longer wanted Ms. Robinson-Reeder to continue in its employ.  "Quite the contrary . . . all the evidence indicates that defendant wanted plaintiff to remain as an employee." *Id*. at 80.

In addition, Ms. Robinson-Reeder claims that she was compelled to resign because of her "mental anguish" as a result of trying to function in an "unhealthy workplace environment." Complaint at ¶ 6.  Federal courts "ordinarily regard as *voluntary* an employee's decision to quit out of concern for her health." *Kalinoski*, 435 F. Supp. 2d at 78 (emphasis in original) ("[T]he fact that an employee develops stress-related ill health from the demands of his voluntarily undertaken position or from criticisms of his performance, and as a result determines that health considerations mandate his resignation, does not normally amount to a constructive discharge by the employer.") (quoting *Spence v. Md. Cas. Co.*, 995 F.2d 1147, 1156 (2d Cir. 1993)).

Finally, the short time frame described in the Complaint also compels the conclusion that Ms. Robinson-Reeder's allegation of a constructive discharge is legally inadequate. Ms. Robinson-Reeder's difficulties with the computer software and the office assistant occurred during the months of September and October 2006.  Complaint at ¶¶ 2-4.  The Probation Notice was dated November 6, 2006, and Ms. Robinson-Reeder tendered her resignation the very next day.  *Id*. at ¶ 7.  In *Roberts v. Segal Co.*, 125 F. Supp. 2d 545, 550 (D.D.C. 2000), the Court rejected a constructive discharge claim and held:

> [T]he time frame in which plaintiff claims to have been the victim of retaliation is extremely short.  Plaintiff did not make a claim of race discrimination until October 3, 1996.  Just eighteen days later, she tendered her resignation.  Her work conditions were clearly not so intolerable as to force a reasonable person to quit her job, especially considering that she only endured her alleged treatment

13

for less than three weeks.

Ms. Robinson-Reeder's abrupt resignation, likewise, deprives her of the ability to state a

constrictive discharge claim.

### C.   The Retaliation Claim Must Be Dismissed.

#### 1.   Ms. Robinson-Reeder Again Failed To Exhaust Her Administrative Remedies.

Ms. Robinson-Reeder's EEOC Charge alleges only racial discrimination.  It does not

address retaliation at all.[10]  The EEOC Charge did not, therefore, place the EEOC or ACE on

notice that Ms. Robinson-Reeder believed she suffered retaliation.  Moreover, none of the factual

allegations in the EEOC Charge reflect or even suggest that Ms. Robinson-Reeder viewed the

Probation Notice or her subsequent resignation as a retaliatory act.  Ms. Robinson-Reeder has

totally failed to exhaust her administrative remedies by not bringing her alleged retaliation claim

to the EEOC.  The claim must, therefore, be dismissed.  *See supra* at 7-8.

#### 2.   Even If The Court Considers Ms. Robinson-Reeder's Retaliation Claim, Her Allegations Fail.

Even if Ms. Robinson-Reeder's retaliation claim were properly before the Court, it

should be dismissed.  To establish a *prima facie* case, Ms. Robinson-Reeder must show that (1)

she engaged in a statutorily protected activity; (2) she suffered a materially adverse employment

action; and (3) there was a causal connection between the protected activity and the materially

adverse action.  *Stewart v. Evans*, 275 F.3d 1126, 1134 (D.C. Cir. 2002) (affirming Rule 12(c)

---

[10] Title VII prohibits both discrimination on the basis of race and retaliation for engaging in protected activity, but the prohibitions are codified in separate sections of the statute.  *See* 42 U.S.C. § 2000e-2(a) (barring discrimination in the terms and conditions of employment based on race or other protected status); 42 U.S.C. § 2000e-3(a) (prohibiting retaliation against an employee "because he has opposed any practice made an unlawful employment practice by this [subchapter], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [subchapter]").

dismissal of retaliation claim).  The factual allegations in Ms. Robinson-Reeder's Complaint fail

to satisfy the first two elements.  As a result, the third element is missing too.

First, Ms. Robinson-Reeder does not allege that she engaged in a protected activity.  To

do so, she must allege that she either participated in an activity protected by Title VII (such as by

filing an EEOC Charge), or that she opposed an unlawful employment practice that violates Title

VII.  42 U.S.C. § 2000e-3(a).  It is well established that, "[w]hile no 'magic words' are required"

to mark an exchange as a protected activity, the employee "must in some way allege unlawful

discrimination."  *Rattigan,* 2007 U.S. Dist. LEXIS 39227, at *51 *citing Broderick*, 437 F.3d at

1232.  *See also King*, 468 F. Supp. 2d at 37 ("Because plaintiff does not allege that he

participated in any investigation, proceeding, or hearing under Title VII, the Court considers

plaintiff's retaliation claims under the opposition clause of Title VII's retaliation provision.");

*Logan v. Dep't of Veteran Affairs*, 404 F. Supp. 2d 72, 76-77 (D.D.C. 2005) (granting

employer's motion to dismiss where plaintiff failed to demonstrate that she engaged in protected

activity by writing a letter in support of her internship supervisor, who was under investigation,

and filing a grievance regarding her medical care because "[n]either of these activities . . . are

'protected' within the meaning of Title VII because they do not include a claim of discrimination

based upon race, color, religion, sex, or national origin").

Although Ms. Robinson-Reeder alleges that she made internal complaints at ACE, she

has not pled facts showing that she opposed an unlawful employment practice.  "In order to seek

the protection of the opposition clause, plaintiff must be able to 'demonstrate a good faith,

reasonable belief that the challenged practice violates Title VII.'"  *Welzel v. Bernstein*, 436 F.

Supp. 2d 110,118 (D.D.C. 2006) (quoting *George v. Leavitt*, 407 F.3d 405, 417 (D.C. Cir.

2005)).  In *Welzel*, the Court found that it was objectively unreasonable for the plaintiff to

believe that she was opposing a practice that violated Title VII when she challenged a colleague's unprofessional and abusive behavior.  *Id*. at 120-21.  None of Ms. Robinson-Reeder's complaints related to an alleged violation of Title VII.  For example, even if she complained about her subordinate or if ACE had been withholding computer assistance from Ms. Robinson-Reeder during the month of October 2006, the Complaint does not allege that the deprivation was racially discriminatory in violation of Title VII, nor could it.  To the contrary, Ms. Robinson-Reeder states that ACE previously failed to provide computer assistance to two Caucasian employees.  Complaint at ¶ 2.  Ms. Robinson-Reeder's complaints do not constitute protected activity as a matter of law.

Second, as discussed in the context of Ms. Robinson-Reeder's discrimination claim, neither the Probation Notice nor Ms. Robinson-Reeder's resignation constitute a materially adverse employment action.  As the U.S. Supreme Court recently explained in connection with a claim of retaliation, the standard for a materially adverse action requires that the challenged action "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  *Burlington N. & Santa Fe Ry. v. White*, 126 S. Ct. 2405, 2415 (2006) (internal citations and quotations omitted).  The standard is an objective one.  *Id*.  The allegations in the Complaint fail to meet this standard.

Being placed on probation also does not constitute a materially adverse employment action for purposes of a retaliation claim when the probation does not alter the terms and conditions of employment.  *See supra* at 8-10.  Likewise, her resignation is not a constructive discharge as a matter of law.  *Id*. at 11-14.  Accordingly, the retaliation claim fails, for this independent reason.

16

Consequently, Ms. Robinson-Reeder cannot show the requisite causal connection between any statutorily-protected activity and an adverse employment action. Ms. Robinson-Reeder's retaliation claim must be dismissed.

### D.    The Court Should Decline To Exercise Supplemental Jurisdiction Over Ms. Robinson-Reeder's Defamation Claim.

Ms. Robinson-Reeder asserts that the Court has jurisdiction over her common law defamation claim based upon "supplemental jurisdiction." Once the Court dismisses the Title VII claims, this Court should also dismiss her defamation claim. "[I]n the interests of comity, federal judges should refrain from deciding cases founded solely on local law when the requirements for diversity jurisdiction are not present . . . ." *Mitchell v. Yates*, 402 F. Supp. 2d 222, 235 (D.D.C. 2005) (Bates, J.) (dismissing state law claims after all federal claims had been dismissed). *See also Shekoyan v. Sibley Int'l*, 309 F. Supp. 2d 9, 21 (D.D.C. 2004) ("Now that the plaintiff's [False Claims Act] claim has been dismissed, all of the plaintiff's federal claims are out of the picture. Therefore, the Court will decline to further exercise supplemental jurisdiction over the plaintiff's District of Columbia claims."), *aff'd*, 409 F.3d 414 (D.C. Cir. 2005).

In this case, there is no scheduling order, no discovery has occurred, and the investment of judicial resources has been minimal. *See Mitchell*, 402 F. Supp. at 235 ("The Court takes account of the fact that discovery in this case has been minimal. . . . In other words, the investment of resources has not been so great as to warrant retaining jurisdiction at this stage of the proceedings."). There will be no prejudice to Ms. Robinson-Reeder or to the Court if the entire action is dismissed.

## III.    CONCLUSION

For all of the foregoing reasons, this action should be dismissed in its entirety, and the

Title VII claims with prejudice.


DATED:  June 29, 2007                              Respectfully submitted,

                                                   /s/_____
                                                   Christine N. Kearns (No. 416339)
                                                   Julia E. Judish (No. 461630)
                                                   PILLSBURY WINTHROP SHAW PITTMAN LLP
                                                   2300 N Street, N.W.
                                                   Washington, D.C. 20037-1128
                                                   (202) 663-8000

                                                   Counsel for Defendant
                                                   American Council on Education

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 29th day of June, 2007, the foregoing Defendant's

Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings was

hand-delivered by counsel for the Defendant to the following *pro se* plaintiff:

> Jacqueline Robinson-Reeder
> 2140 Brooks Drive, #421
> District Heights, MD  20747

/s/ Christine N. Kearns

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JACQUELINE ROBINSON-REEDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case: 1:07-cv-00880 (JDB) |
| ) | |
| AMERICAN COUNCIL ON EDUCATION, ) | |
| ) | ELECTRONICALLY FILED |
| Defendant. ) | |
| ) | |

## <u>DECLARATION OF NOREENE DUGGAN</u>

I, Noreene Duggan, state as follows:

1. I am the Assistant Director of Human Resources at American Council on Education ("ACE"), the Defendant in the above-captioned action and have personal knowledge of the documents attached to this Declaration. I submit this Declaration in support of ACE's Motion for Judgment on the Pleadings to put before this Court exhibits relied on in the Motion.

2. Annexed as Exhibit A is a true and correct copy of the U.S. Equal Employment Opportunity Commission ("EEOC") Notice of Charge of Discrimination, which contains Jacqueline Robinson-Reeder's Charge of Discrimination ("EEOC Charge"), filed on December 15, 2006.

3. Annexed as Exhibit B is a true and correct copy of the Probation Notice issued by ACE to Jacqueline Robinson-Reeder on November 7, 2006.

4.  Annexed as Exhibit C is a true and correct copy of Jacqueline Robinson-Reeder's letter of resignation to ACE, dated November 7, 2006.

I solemnly affirm under the penalties of perjury that the contents of this Declaration are true to the best of my knowledge, information, and belief.

Executed on June 22, 2007.


Noreene Duggan

-2-

**Exhibit A**

**EEOC Notice of Charge of Discrimination**

EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Rev  Colleen Collins<br>Mgmt. Representative<br>AMERICAN COUNCIL ON<br>Education<br>1331 H Street, N.W.<br>Washington, DC 20005 | Jacqueline T. Robinson-Reeder |

THIS PERSON (check one or both)

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.

**570-2007-00606**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act          [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act          [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [X]  No action is required by you at this time.

2. [ ]  Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ]  Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

4. [ ]  Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

5. [ ]  EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources.  If you would like to participate, please say so on the enclosed form and respond by _____ to _____
   If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above.  Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Tracy  Smalls,<br>Secretary | Washington Field Office - 570<br>1801 L Street, N.W.<br>Suite 100<br>Washington, DC 20507 |
|---|---|
| *EEOC Representative* | |
| *Telephone*  **(202) 419-0734** | |

Enclosure(s): [X] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

## See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| January  04, 2007 | Dana Hutter,<br>Director | *Dana R Hutter* |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 570-2007-00606 |

| D.C. Office Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**Ms. Jacqueline T. Robinson-Reeder** | Home Phone *(Incl. Area Code)*<br>**(301) 967-1570** | Date of Birth<br>**03-28-1955** |
|---|---|---|
| Street Address<br>**2140 Brooks Drive, #421** | City, State and ZIP Code<br>**Forestville, MD 20747** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**AMERICAN COUNCIL ON EDUCATION** | No. Employees, Members<br>**15+** | Phone No. *(Include Area Code)*<br>**(202) 939-9300** |
|---|---|---|
| Street Address<br>**1331 H Street, N.W.** | City, State and ZIP Code<br>**Washington, DC 20005** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)* | Earliest: **11-06-2006**  Latest: **11-27-2006**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.  In 6/06, I commenced working for Respondent as a temporary Executive Assistant. On 9/7/06, I was reclassified to become a permanent Executive Assistant. On 11/6/06, I was unjustly placed on probation for 30 days based upon complaints that I had been rude to individuals. This probationary notice further stipulated that if any further complaints against me are confirmed within this 30 day period, I will be discharged from employment. Subsequently, on 11/6/06, I was forced to submit a notice of resignation from employment to become effective 11/27/06 due to this intolerable treatment. Finally, on 11/27/06, I was forced to resign from employment due to this intolerable treatment. Throughout the course of my employment, I worked in part within Respondent's Higher Education in Development Department.

II.  I believe that I was discriminated against based upon my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *Dec 15, 2006*    *Jacqueline T. Robinson-Reeder*<br>Date        *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**Exhibit B**

**Probation Notice Issued to Jacqueline Robinson-Reeder**



American Council on Education
Higher Education in Development

## INTERNAL MEMORANDUM

TO:        Jacqueline Robinson-Reeder
           Executive Assistant

FROM:      Christine Morfit
           Executive Director, HED

DATE:      November 6, 2007

SUBJECT:   Probation

I received your letter today and I have reviewed it. I appreciate your concern about LaTisha, and take them seriously. We intend to address her performance with her. I am, however, concerned about your conduct and, in particular, the manner in which that you have reacted to this situation and other situations over the course of your two months with us.

I was planning to review these issues with you last Friday, but you did not come to work. Over the short course of your employment with us, I have received complaints from ACE staff at One Dupont Circle about your behavior. Specifically, I have received complaints that you have been rude to a variety of individuals. I have received complaints from 4 departments, including Accounting and Financial Reporting, Service Center, PDSC, and Human Resources. You have been quoted as saying the following statements: "I want to talk to someone who knows what they are doing", "I have 15 years experience and I don't have to deal with you", and "I am an Executive Assistant, I don't have to deal with this crap." I am very concerned about these complaints because it shows a pattern of behavior, not just an isolated complaint.

The letter you sent after the meeting with LaTisha also was not appropriate for a professional with respect to its tone, content and presentation.

The behavior described above is not tolerated at ACE. My expectation is that you will change your behavior immediately. I am putting you on 30 days probation. If at any point during the 30 days, I receive a complaint that I confirm, I will have no other choice but to terminate your employment. This probation does not affect your at will status during and after the probation or our continuing expectations of you if you successfully complete the probation.

Jackie, I think you have tremendous potential as an employee of ACE and HED. Please let me know if I can do anything to assist you as you address these concerns.

I, Jacqueline Robinson-Reeder, have received a copy of this document:

_Jacqueline Robinson-Reeder_
Jacqueline Robinson-Reeder

_November 7, 2006_
Date

**Exhibit C**

**Jacqueline Robinson-Reeder's Letter of Resignation**

3

November 7, 2006

To:       Christine A. Morfit
            Executive Director
            Higher Education for Development

From:    Jacqueline T. Robinson-Reeder
            Executive Assistant
            Higher Education for Development

Subject:   Letter of Resignation – 2 weeks notice
            effective Monday, November 27, 2006

I have enjoyed working with you and your staff, however after receiving the letter of probation after I seeked assistance in dealing with LaTisha Wadlington's insubordination, which, has not been addressed to this date, I have no choice but to resign from my position effective on Monday, November 27, 2006.

The letter stated that if you received another complaint that you would terminate my employment immediately. I find this could occur at anytime since Ms. Wadlington continues to address me in an inappropriate manner.

This probationary period is a direct form of retaliation and it is totally unfair to be given to be on November 7, 2006, when I visited the director of H.R. on November 2, 2006, regarding insubordination by Ms. Wadlington and sent you a list of inappropriate behavior regarding Ms. Wadlington dated November 1, 2006.

It is amazing how swiftly H.R. moved to put me on probation (November 7, 2006) but failed to address my legitimate concerns regarding the insubordination I received from an employee that I supervised. I have also found my working quarters unhealthy since the employment of Ms. Wadlington and informed you in our meeting on November 2, 2006, that since she was recommended by Phyllis Goodwin and it seemed my concerns were being ignored – that I had no choice but to resign from my position if I had to continue to supervise this individual.

Again, the probationary period was done again in a form of retaliation that can be proven. I find that searching for employees to say negative things about me after I complained about Ms. Wadlington's insubordination is crafty and is pure hearsay and is legally termed "retaliation". Your excuse of not informing me of these accusations before I complained about Ms. Wadlington is crafty, but proven to be "retaliation". The conversations that I had with these individuals in the various departments noted were more than 3 weeks ago when I was anxious to receive PeopleSoft.

For every employee that said I was rude to them, I can find 3 more that enjoyed my personality and laughed with me while sympathizing the diligence I endured to get PeopleSoft, the orientation handbook and proper training for a new employee. The HED Advisory Counsel and HED staff, I know think highly of me and I have proven that I am an hardworking professional. However, I don't enjoy kissing – up, rather I put my energy in problem-solving.

I care enough about HED that I will write down all of the important things needed to assist you daily for the next Executive Assistant in HED before my departure.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACQUELINE ROBINSON-REEDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case: 1:07-cv-00880 (JDB) |
| | ) | |
| AMERICAN COUNCIL ON EDUCATION, | ) | ELECTRONICALLY FILED |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

This matter came before the Court on Defendant's Motion for Judgment on the Pleadings in the above-captioned action. After consideration of the Motion and supporting papers and the Opposition thereto, good cause having been shown, it is by this Court this _____ day of

_____, 2007,

ORDERED that Defendant's Motion for Judgment on the Pleadings is hereby granted, this case is dismissed in its entirety, and the Title VII claims are dismissed with prejudice.

SO ORDERED.

_____
Judge John D. Bates

Copies to:
Christine N. Kearns, Esq.
Julia E. Judish, Esq.
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037
Counsel for Defendant

Jacqueline Robinson-Reeder
2140 Brooks Drive, #421
District Heights, MD 20747
Plaintiff