UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUL - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jacqueline T. Robinson-Reeder )
Plaintiff )
)
)
)
vs. ) Civil Case: 1:07-cv-0880 (JDB)
)
)
)
American Council on Education )
Defendant )
)

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Jacqueline T. Robinson-Reeder moves this court and order of [1]Summary Judgment pursuant to Federal Rule 56, declaring that ACE violated Title VII, of the Civil Rights Act of 1964, (42 U.S.C. section 2000e-2 Section [703] (m) and 2000e-3 Section [704] (a).

Defendant admitted to **denial** of plaintiff's relief of "job reference" to gain employment in the "answer complaint" on June 1, 2007, under (No. 9) by "asserting that the Plaintiff is not entitled to the relief stated in paragraph (No. 9) of the complaint." This statement confirmed plaintiff's lack of "job reference" and circumstantial evidence that defendant engaged in defamation of character by informing potential employers that the plaintiff was "rude" and was "fired", therefore determining a "negative job reference." Plaintiff resigned on November 6, 2006, under constructive discharge. These false accusations has caused the plaintiff financial harm in securing employment to date.

**The adverse action taken by the defendant continues to take place after the plaintiff's filing of the EEOC complaint in December, 2006. See. (g) (1)**. Plaintiff received a Right-To-Suit letter.

During the Joint Meet conference pursuant to LCvR 16.3 held on June 25, 2007, American Council on Education's attorney **offered** the plaintiff a letter of "job reference" and the appointment of the H.R. Director for future job inquiries. [2]Therefore, plaintiff has consequently proven her "Retaliation" and "Defamation" claim under Title VII, of the Civil Rights Act of

---

[1] A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

[2] In Robinson v. Shell Oil Company,\31 the Supreme Court unanimously held that Title VII prohibits respondents from retaliating against former employees as well as current employees for participating in any proceeding under Title VII or opposing any practice made unlawful by that Act. The plaintiff in Robinson alleged that his former employer gave him a negative job reference in retaliation for his having filed an EEOC charge against it. Some courts previously had held that former employees could not challenge retaliation that occurred after their employment had ended because Title VII, the ADEA, and the EPA prohibit retaliation against "any employee."\32 However, the Supreme Court stated that coverage of post-employment retaliation is more consistent with the broader context of the statute and with the statutory purpose of maintaining unfettered access to the statute's remedial mechanisms. The Court's holding applies to each of the statutes enforced by the EEOC because of the similar language and common purpose of the anti-retaliation provisions.

Jacqueline T. Robinson-Reeder vs. American Council on Education: Civil Case 1:07-cv-0880
July 2, 2007
Page Two

1964, the court's venue jurisdiction under 28 U.S. C. Sections 1331 and 1337. [3]However, the defendant failed to adhere to Title 42 Section 1981, and further threatened the plaintiff with the defendant's urgency to file dispositive motion, summary judgment and motion for judgment on the pleadings.

During the Joint meet conference, plaintiff proceeded *pro se* due to not being able to afford attorney fees. American Council on Education's attorney caused the plaintiff unfair treatment by attempting to enforce the plaintiff's signature on items not agreed on after the meeting. After defendant's numerous attempts to disrespect and intimidate the plaintiff, the plaintiff informed the attorney's of ability to submit own report and communication later became less offensive.

Therefore, plaintiff pleads for mercy in not being able to note citations where applicable and further prays for the assistance of Judge Bates expertise in employment law where needed.

The plaintiff filed a Retaliation claim with the EEOC on February 12, 2007. [4]EEOC informed plaintiff that court has jurisdiction over this claim. **EEOC Claim no. 570-2007-00606**. Plaintiff is entitled to judgment as a matter of law.

---

[3] 33\.Retaliatory acts designed to interfere with an individual's prospects for employment are unlawful regardless of whether they cause a prospective employer to refrain from hiring the individual\34. As the Third Circuit stated, "an employer who retaliates cannot escape liability merely because the retaliation falls short of its intended result."\35 However, the fact that the reference did not affect the individual's job prospects may affect the relief that is due.

[4] The Commission concludes that Section 107 applies to retaliation. Courts have long held that the evidentiary framework for proving employment discrimination based on race, sex, or other protected class status also applies to claims of discrimination based on retaliation. Furthermore, an interpretation of Section 107 that permits proven retaliation to go unpunished undermines the purpose of the anti-retaliation provisions of maintaining unfettered access to the statutory remedial mechanism.

(3) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28 [of the United States Code], the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

(4) It shall be the duty of the chief judge of the district (or in his absence, the acting chief judge) in which the case is pending immediately to designate a judge in such district to hear and determine the case. In the event that no judge in the district is available to hear and determine the case, the chief judge of the district, or the acting chief judge, as the case may be, shall certify this fact to the chief judge of the circuit (or in his absence, the acting chief judge) who shall then designate a district or circuit judge of the circuit to hear and determine the case.

(5) It shall be the duty of the judge designated pursuant to this subsection to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited. If such judge has not scheduled the case for trial within one hundred and twenty days after issue has been joined, that judge may appoint a master pursuant to rule 53 of the Federal Rules of Civil Procedure.

Jacqueline T. Robinson-Reeder vs. American Council on Education: Civil Case 1:07-cv-0880
July 2, 2007
Page 3

*[signature: Jacqueline T. Robinson-Reeder]*

Jacqueline T. Robinson-Reeder –Plaintiff
2140 Brooks Drive, #421
District Heights, Maryland  20747
Cell:  301-633-7791
Home: 301-967-1092

*Please note that I have experienced not receiving notification/mailings from the court. I have notified the Judge's chambers.  Thanks for your assistance.

---

**(g)** **(1)** If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission. Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.