## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACQUELINE ROBINSON-REEDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case: 1:07-cv-00880 (JDB) |
| | ) | |
| AMERICAN COUNCIL ON EDUCATION, | ) | ELECTRONICALLY FILED |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendant American Council on Education ("ACE"), through the undersigned counsel, respectfully submits this Opposition to Plaintiff Jacqueline Robinson-Reeder's Motion for Summary Judgment. This case arises from Ms. Robinson-Reeder's decision to quit her job at ACE after just two months. As alleged in the Complaint, she submitted a letter of resignation the day after she was placed on a thirty-day probation for her rude and unprofessional behavior. Ms. Robinson-Reeder has brought claims against ACE under Title VII (42 U.S.C. § 2000e *et seq.*), contending that the probation and her "constructive discharge" were the result of racial discrimination and retaliation and has asserted a common law defamation claim.

Although no discovery has yet occurred in this case, Ms. Robinson-Reeder has filed a Motion for Summary Judgment and Amended Motion for Summary Judgment (collectively "the Motion") with respect to her retaliation and defamation claims.[1] The Court should deny the Motion, because it rests entirely on inadmissible evidence. Further, the retaliation claim should be dismissed as a matter of law, for the substantive reasons set forth in ACE's Motion for

---

[1] Ms. Robinson-Reeder does not offer any evidence whatsoever regarding her discrimination claim, and, in fact, never mentions it in the Motion. ACE will not, therefore, address the discrimination claim in this brief. ACE has, however, moved for judgment on the pleadings on that claim.

Judgment on the Pleadings filed on June 29, 2007.  Finally, Ms. Robinson-Reeder has not provided evidence that she exhausted her administrative remedies with respect to the retaliation claim.  For all of these reasons, the Motion should be denied.

## I.    BACKGROUND

The events at issue in this case arose during Ms. Robinson-Reeder's brief period of employment at ACE during the fall of 2006.  As alleged in the Complaint, Ms. Robinson-Reeder experienced difficulties with the installation of a new computer program in September and October 2006.  Complaint at ¶ 2.[2]  Ms. Robinson-Reeder, who is African-American, alleges that when she sought technical assistance, she was placed on probation.  *Id*.  She also contends that she experienced difficulty with an allegedly insubordinate office assistant, who was hired in mid-October 2006 and who reported to Ms. Robinson-Reeder.  *Id*. at ¶ 3.  Ms. Robinson-Reeder claims that she had "no recourse but to resign" as a result of sharing office space for three weeks with her "progressively unruly" assistant who "ran amok" and caused her "mental anguish."  *Id*. at ¶¶ 5, 6.

As alleged in the Complaint, ACE placed Ms. Robinson-Reeder on a thirty-day probation on November 6, 2006 due to complaints from multiple staff members at ACE about her rude and unprofessional behavior.  *Id*. at ¶ 2.  In the Complaint, Ms. Robinson-Reeder denies that she was rude (*id*. at ¶ 2), and instead characterizes the probation as retaliation for her complaints about her office assistant, whom she alleges is related to a Human Resources associate at ACE.  *Id*. at ¶ 5.  Ms. Robinson-Reeder tendered a written letter of resignation on November 7, 2006.  *Id*. at ¶ 7.

---

[2] The Complaint did not contain numbered paragraphs.  For ease of reference, ACE has cited the paragraphs of the Complaint as if they were sequentially numbered.

Ms. Robinson-Reeder also alleges that unidentified ACE employees gave negative references about her after she resigned on November 7, 2006. *Id.* at ¶ 8. Ms. Robinson-Reeder has submitted no admissible evidence supporting any of the unverified allegations in the Complaint and the conclusory allegations in her Motion.

On December 15, 2006, Ms. Robinson-Reeder filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC Charge"). In the section of the form that specifies the legal nature of the charge, she checked only the box for race discrimination. She did not check the box for retaliation or describe any alleged retaliation in the EEOC Charge itself. On February 12, 2007, Ms. Robinson-Reeder apparently completed an Intake Questionnaire at the EEOC, purportedly to amend her changes to add a retaliation claim. *See* Amended Motion for Summary Judgment at Exhibit I. Ms. Robinson-Reeder provides no evidence that ACE received notice of the retaliation claim nor is there any. To the contrary, that same day, the EEOC Charge was dismissed, and the EEOC issued Ms. Robinson-Reeder a Right to Sue letter. *See* February 12, 2007 Right to Sue notice, attached to the Complaint.

Ms. Robinson-Reeder filed her Complaint in this Court on May 10, 2007. ACE filed its Answer, denying Ms. Robinson-Reeder's allegations, on June 1, 2007. ACE filed a Motion for Judgment on the Pleadings on June 29, 2007, requesting that the Court dismiss the case in its entirety. On July 2, 2007, Ms. Robinson-Reeder filed a "Motion for Summary Judgment" on her retaliation and defamation claims. She amended her motion on July 3, 2007, submitting 29 pages of unsworn documents, including an EEOC Intake Questionnaire in which she described a retaliation claim. The other so-called evidence submitted in support of the Motion consists of copies of correspondence between Ms. Robinson-Reeder and employment agencies and prospective employers; Ms. Robinson-Reeder's own handwritten notes regarding these

communications; Ms. Robinson-Reeder's resume and  previous employer references; communications from Ms. Robinson-Reeder to ACE; and letters from lawyers whom Ms. Robinson-Reeder has consulted about her case.  *See* Amended Motion for Summary Judgment at Exhibits I, II, III, IV, and V.

## II.    STANDARD OF REVIEW

Summary judgment shall be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  "In determining whether there exits a genuine issue of material fact sufficient to preclude summary judgment, the court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor."  *Kelly v. Billington*, 370 F. Supp. 2d 151, 156 (D.D.C. 2005) (Bates, J.) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The Federal Rules of Civil Procedure require that documents and affidavits supporting a motion for summary judgment "shall set forth such facts as would be admissible in evidence."  FED. R. CIV. P. 56(e).  A motion for summary judgment must be denied if it is based on inadmissible evidence.  *See Spiegel v. Leavitt*, Civ. No. 01-2195, 2005 U.S. Dist. LEXIS 22470 at * 25-26 (D.D.C. Sept. 22, 2005) (PLF/DAR) (recommending denial of plaintiff's motion for summary judgment on Title VII claims where "Plaintiff has not even identified any material facts in accordance with Rule 56(e)"), *adopted by* 2006 U.S. Dist. LEXIS 83139 (D.D.C. Nov. 3, 2006).

## III.    ARGUMENT

Ms. Robinson-Reeder's Motion should be denied for three reasons.  First, with respect to both the defamation and retaliation claims, her Motion is supported entirely by inadmissible evidence.  Second, for the substantive reasons set forth in ACE's Motion for Judgment on the

Pleadings, Ms. Robinson-Reeder's retaliation claim should be dismissed as a matter of law.[3]

Third, there is no evidence that ACE was notified of the retaliation claim. Ms. Robinson-Reeder

has, therefore, failed to exhaust her administrative remedies.

A.    The Motion For Summary Judgment
       Rests Entirely On Inadmissible Evidence.

The documentation submitted in support of Ms. Robinson-Reeder's defamation and

retaliation claims is comprised entirely of inadmissible evidence. The copies of correspondence

between Ms. Robinson-Reeder and prospective employers, her own handwritten notes regarding

these communications, her correspondence with her employment agency, and letters of reference

from previous employers are all inadmissible hearsay. *See* FED. R. EVID. 801(c). This hearsay

evidence is insufficient as a matter of law to support a motion for summary judgment. *See*

*Gleklen v. Democratic Nat'l Cong. Campaign Comm., Inc.*, 199 F.3d 1365 (D.C. Cir. 2000)

(rejecting plaintiff's opposition to summary judgment motion). In *Gleklen*, employee filed an

opposition to the employer's motion for summary judgment resting, in part, on the employee's

testimony regarding a conversation between two other people. *Id*. at 1369. The Court of

Appeals noted that the employee's "evidence" was "sheer hearsay" and "she would not be

permitted to testify about the conversation at trial." *Id*. The court explained that "[v]erdicts

cannot rest on inadmissible evidence" and concluded that the employee's hearsay testimony

"therefore counts for nothing." *Id*. In a similar way, the letters, notes, and emails offered in

support of the Motion on the defamation and retaliation claims are sheer hearsay and "count []

for nothing."

---

[3] As explained in ACE's Motion for Judgment on the Pleadings, the defamation claim should be dismissed because there are no worthy federal claims to support jurisdiction over the common-law defamation claim. *See* Motion for Judgment on the Pleadings at 17 and authority cited.

Ms. Robinson-Reeder's recitation of statements allegedly made during the June 25, 2007 Joint Meet and Confer Conference between herself and ACE's counsel also constitutes inadmissible evidence. One required topic at that conference is the possibility of settlement. *See* LCvR 16.3(c)(4) ("Whether there is a realistic possibility of settling the case."). The parties had that discussion. *See* Joint Meet and Confer Statement, filed June 29, 2007, at ¶ 4 ("The parties had settlement discussions that were not successful."). Ms. Robinson-Reeder seeks to use the substance of that discussion as "evidence" of retaliation. *See* Motion for Summary Judgment at 1 ("During the Joint Meet [sic] conference pursuant to LCvR 16.3 held on June 25, 2007, American Council on Education's attorney **offered** the plaintiff a letter of "job reference" and the appointment of the H.R. Director for future job inquiries. Therefore, plaintiff has consequently proven her "Retaliation" and "Defamation" claim under Title VII. . .") (emphasis in original). Conduct or statements made in settlement negotiations are inadmissible to prove liability, and therefore cannot support a Motion for Summary Judgment. *See* FED. R. EVID. 408 ("conduct or statements made in compromise negotiations regarding the claim" are "not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim . . ."). Ms. Robinson-Reeder has, therefore, failed to offer any admissible evidence to support a Motion for Summary Judgment on her retaliation and defamation claims.

**B.    Ms. Robinson-Reeder's Retaliation Claim
        Should Be Dismissed As A Matter Of Law.**

For the reasons set forth in ACE's Motion for Judgment on the Pleadings, Ms. Robinson-Reeder's retaliation claim should be dismissed. Her complaints about her alleged lack of computer assistance and allegedly insubordinate office assistant do not constitute statutorily-

protected activity (*see* Motion for Judgment on the Pleadings at 15-16 and authority cited),[4] and

neither her probation notice nor her voluntary resignation constitute materially adverse

employment actions (*see id.* at 16 and authority cited).  Because Ms. Robinson-Reeder cannot

show the requisite causal connection between any statutorily-protected activity and any adverse

employment action, her retaliation claim must be dismissed.  *See id.* at 17.

> **C.    Ms. Robinson-Reeder Failed**
> **To Exhaust Her Administrative Remedies.**

The Court of Appeals for this Circuit has explained:

> A vague or circumscribed EEOC charge will not satisfy the
> exhaustion requirement for claims it does not fairly embrace.
> 'Allowing a complaint to encompass allegations outside the ambit
> of the predicate EEOC charge would circumvent the EEOC's
> investigatory and conciliatory role, as well as deprive the charged
> party of notice of the charge, as surely as would an initial failure to
> file a timely EEOC charge.'

*Marshall v. Federal Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) (affirming grant of

summary judgment for employer where employee failed to exhaust administrative remedies with

respect to wrongful termination claim) (citation omitted).  *See also Park v. Howard Univ.*, 71

F.3d 904, 907 (D.C. Cir. 1995) (exhorting that "a court cannot allow liberal interpretation of an

administrative charge to permit a litigant to bypass the Title VII administrative process" and

holding that plaintiff failed to exhaust her administrative remedies on her Title VII claims).

Ms. Robinson-Reeder's original EEOC Charge did not contain any reference to

retaliation.  Ms. Robinson-Reeder has now produced a copy of an EEOC Intake Questionnaire

dated February 12, 2007, purporting to amend her charge to include retaliation.  She has failed to

provide any evidence that ACE ever received notice of her retaliation claim, because it did not.

---

[4] The relevant portions of the Motion for Judgment on the Pleadings are incorporated as if fully
set forth herein.

The Charge was dismissed on the Right to Sue letter issued the very same day as the Intake

Questionnaire was completed.  This lack of notice and opportunity to respond to the amended

allegations contravenes the policy behind the notice requirement, "as surely as would an initial

failure to file a timely EEOC charge."  *Marshall*, 130 F.3d at 1098.  Therefore, Ms. Robinson-

Reeder has not exhausted her administrative remedies with respect to the retaliation claim.


**IV.    CONCLUSION**

      For all of the foregoing reasons, the Motion for Summary Judgment should be denied.


DATED:  July 17, 2007            Respectfully submitted,

                          /s/ Christine N. Kearns
                          Christine N. Kearns (No. 416339)
                          Julia E. Judish (No. 461630)
                          PILLSBURY WINTHROP SHAW PITTMAN LLP
                          2300 N Street, N.W.
                          Washington, D.C. 20037-1128
                          (202) 663-8000

                          Counsel for Defendant
                          American Council on Education

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JACQUELINE ROBINSON-REEDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case: 1:07-cv-00880 (JDB) |
| AMERICAN COUNCIL ON EDUCATION, | ) |
| | ) ELECTRONICALLY FILED |
| Defendant. | ) |
| | ) |

**ORDER**

This matter came before the Court on Plaintiff's Motion for Summary Judgment and

Amended Motion for Summary Judgment in the above-captioned action.  After consideration of

the motion and supporting papers and the opposition thereto, good cause having been shown, it is

by this Court this _____ day of _____, 2007,

ORDERED that Plaintiff's Motion for Summary Judgment is hereby **denied**.

SO ORDERED.

_____

Judge John D. Bates

Copies to:
Christine N. Kearns, Esq.
Julia E. Judish, Esq.
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C.  20037
Counsel for Defendant

Jacqueline Robinson-Reeder
2140 Brooks Drive, #421
District Heights, MD 20747
Plaintiff

400599698v2

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2007, the foregoing Defendant's Opposition to Motion for Summary Judgment was served by first-class, postage-prepaid, U.S. mail, to the following *pro se* plaintiff:

> Jacqueline Robinson-Reeder
> 2140 Brooks Drive, #421
> District Heights, MD  20747

/s/ Christine N. Kearns