UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JACQUELINE ROBINSON-REEDER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN COUNCIL ON EDUCATION, ) <br> ) <br> Defendant. ) <br> ) | Case: 1:07-cv-00880 (JDB) <br><br> ELECTRONICALLY FILED |

### DEFENDANT'S OPPOSITION TO MOTION FOR PERMANENT INJUNCTION

Defendant American Council on Education ("ACE"), through the undersigned counsel, respectfully submits this Opposition to Plaintiff Jacqueline Robinson-Reeder's Motion for Permanent Injunction. Ms. Robinson-Reeder seeks to enjoin ACE from "refusing to provide a 'job reference'" and asks the Court to order ACE "to deliver an immediate job reference with point of contact to prevent the negative job references from all staff in Human Resources." Motion for Permanent Injunction ("Motion") at 1. The Motion is utterly meritless and should be denied.

Ms. Robinson-Reeder cannot meet the legal standard for a permanent injunction under Title VII or her defamation claim. First, the legal deficiencies in her Complaint preclude any likelihood of success on the merits of her Title VII claim. Second, even if they did not, it is premature to award permanent injunctive relief at this point in the litigation, when discovery has yet to even occur. Third, Ms. Robinson-Reeder's repeated efforts to introduce inadmissible evidence of statements allegedly made during settlement negotiations between herself and ACE are insufficient as a matter of law to support the requested relief. Finally, the relief sought goes beyond anything to which Ms. Robinson-Reeder would be entitled, even if she were ultimately to

prevail on any of her claims. The enforcement provisions of Title VII (42 U.S.C. § 2000e-5 *et seq.*) do not contemplate ordering an employer to provide a positive letter of reference for a former employee, and Ms. Robinson-Reeder's common law defamation claim would entitle her, at most, to damages and the limited injunctive relief of a retraction of false statements.

I.   **BACKGROUND**

As this is the third in a flurry of frivolous motions Ms. Robinson-Reeder has filed in the past two weeks, the Court has had ample opportunity to become familiar with the historical background of this case, and ACE will not provide a long factual recitation here. Ms. Robinson-Reeder alleges that she experienced racial discrimination and retaliation during her brief period of employment at ACE during the fall of 2006. She also claims that ACE has defamed her by giving negative references to prospective employers.

Ms. Robinson-Reeder filed her Complaint in this Court on May 10, 2007. ACE filed its Answer on June 1, 2007. ACE filed a Motion for Judgment on the Pleadings on June 29, 2007, requesting that the Court dismiss the case in its entirety. On July 2, 2007, Ms. Robinson-Reeder filed a Motion for Summary Judgment on her retaliation and defamation claims. She amended that Motion the next day. On July 6, 2007, the Court issued an Initial Scheduling Order, staying discovery pending the Court's resolution of the parties' dispositive motions. On July 13, 2007, Ms. Robinson-Reeder filed two more motions, a Motion for Default Judgment and a Motion for Permanent Injunction. ACE is simultaneously filing oppositions to both Motions.

## II. ARGUMENT

### A. Ms. Robinson-Reeder Cannot Meet the Standard for a Permanent Injunction Under Title VII.

Title VII authorizes courts to "enjoin [a] respondent from engaging in [an] unlawful employment practice and order such affirmative action as may be appropriate, [including] … any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e-5(g). Before the Court may exercise that power, however, the plaintiff must meet a high standard. This Court has explained:

> The standard for granting a permanent injunction is much like the standard for a preliminary injunction, and requires consideration of the following factors: (1) success on the merits; (2) whether plaintiff will suffer irreparable injury absent an injunction; (3) whether, balancing the hardships, there is harm to defendants or other interested parties; and (4) whether the public interest supports granting the requested injunction. . . . *Actual success on the merits is required to obtain permanent injunctive relief. . . . If a plaintiff has no likelihood of success on the merits, inquiry into the remaining factors is unnecessary, for the injunctive relief must be denied on that ground alone.*

*Public Warehousing Co. K.S.C. v. Def. Supply Ctr. Phila.*, Civ. No. 07-0502, 2007 U.S. Dist. LEXIS 36953, *16 (D.D.C. May 22, 2007) (Bates, J.) (denying plaintiff's motion for permanent injunction) (internal citations omitted) (emphasis added); *see also Howard v. Evans*, 193 F. Supp. 2d 221, 226 n.3 (D.D.C. 2002) (denying motion for preliminary injunction, dismissing Title VII Complaint, and holding that "[w]hen a party seeks a mandatory injunction, i.e., to change the *status quo* rather than to preserve it, 'the moving party must meet a higher standard than in the ordinary case by showing clearly that he or she is entitled to relief and that extreme or serious damage will result from the denial of the injunction'") (citations omitted). Ms. Robinson-Reeder cannot meet this standard, and her request for a permanent injunction must be denied.

3

First, as explained in ACE's Motion for Judgment on the Pleadings, Ms. Robinson-Reeder's Title VII claims are inadequate as a matter of law. *See* Motion for Judgment on the Pleadings at 8-16 and authority cited. That her Complaint does not allege facts sufficient to state a claim for a violation of Title VII means that Ms. Robinson-Reeder has no likelihood of success on the merits. As a result, she is not entitled to a permanent injunction under Title VII.

Second, even if Ms. Robinson-Reeder's claims were able to survive ACE's Motion for Judgment on the Pleadings, her request for a permanent injunction is entirely premature. Ms. Robinson-Reeder has not provided any evidence to demonstrate that ACE intentionally engaged in an unlawful employment practice, thereby entitling her to injunctive relief. Discovery has not yet commenced, and the factual record at this point is completely undeveloped, with no evidence properly before the Court on which a factual finding can be based. *See* 42 U.S.C. § 2000e-5(g) (authorizing injunctive relief only upon a court "find[ing] that the respondent has intentionally engaged in ... an unlawful employment practice").

Third, Ms. Robinson-Reeder impermissibly seeks to support her Motion with inadmissible evidence. Ms. Robinson-Reeder states that ACE "**offered** the plaintiff a job reference and a point of contact during the [Joint Meet and Confer] conference held on June 25, 2007." Motion at 2 (emphasis in original).[1] ACE has already noted that statements made during settlement negotiations are inadmissible evidence. *See* FED. R. EVID. 408 ("conduct or statements made in compromise negotiations regarding the claim" are "not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim . . ."); *see also* ACE's Opposition to Motion for Summary Judgment at 6. As noted in the Advisory

---

[1] According to Ms. Robinson-Reeder's recitation of ACE's alleged settlement offer ("a job reference and a point of contact"), ACE has already offered the very relief she now seeks from the Court.

4

Committee Notes to FRE 408, such an offer by ACE would be "irrelevant, since an offer may be motivated by a desire for peace rather than from any concession of weakness in position." Settlement discussions between ACE and Ms. Robinson-Reeder neither demonstrate any liability by ACE nor entitle Ms. Robinson-Reeder to that relief by court order.

### B.   The Relief Ms. Robinson-Reeder Requests is Unavailable As Matter of Law.

Ms. Robinson-Reeder seeks to enjoin ACE from allegedly refusing to provide a job reference to prospective employers and asks the Court to order ACE "to deliver an immediate job reference with point of contact to prevent the negative job references from all staff in Human Resources." Motion at 1. Specifically, she demands that ACE give a reference stating that it "had no problems with the work performance of the plaintiff." *Id.* at 2. Ms. Robinson-Reeder cites no authority, nor is ACE aware of any, that enables a court to force a former employer to publicly praise an ex-employee. Indeed, that prospect raises First Amendment concerns. *See Mazur v. Szporer*, 32 Media L. Rep. 1833, 2004 U.S. Dist. LEXIS 13176, *29 (D.D.C. June 1, 2004) (dismissing on First Amendment grounds claim for injunctive relief that would have forced alleged libeler to publish statement declaring previous published statement to be false and holding that "[a] party cannot compel another to publish information it has chosen not to publish"). While an injunction barring ACE from defaming or otherwise acting unlawfully towards Ms. Robinson-Reeder would be within this Court's authority, the favorable letter of reference Ms. Robinson-Reeder seeks can only be given voluntarily by ACE.

Further, with respect Ms. Robinson-Reeder's common law defamation claim, the injunctive relief Ms. Robinson-Reeder seeks is simply unavailable. The Court of Appeals for this Circuit has held that, while the limited equitable relief of a retraction may be available in defamation actions, "the usual rule is that equity does not enjoin libel or slander and that the only

5

remedy for defamation is an action for damages." *Community for Creative Non-Violence v. Pierce*, 814 F.2d 663, 672 (D.C. Cir. 1987) (citations omitted). Ms. Robinson-Reeder's requested relief of a favorable job reference that would enable her "to gain employment," Motion at 3, goes beyond the relief available in a common law defamation action.[2]

### III. CONCLUSION

For all of the foregoing reasons, the Motion for Permanent Injunction should be denied.

DATED: July 20, 2007

Respectfully submitted,

/s/ Christine N. Kearns
Christine N. Kearns (No. 416339)
Julia E. Judish (No. 461630)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000

Counsel for Defendant
American Council on Education

---

[2] Ms. Robinson-Reeder also states that she "is asking for the mediation date to be moved up to August or September 2007 . . ." Motion at 3. Ms. Robinson-Reeder appears to misapprehend the terms of the Court's Initial Scheduling Order, which referred the parties to mediation that must be concluded by October 5, 2007. The Court did not, as Ms. Robinson-Reeder seems to believe, set October 5, 2007 as the mediation date.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2007, the foregoing Opposition to Motion for Permanent Injunction was served by first-class, postage-prepaid, U.S. mail, to the following *pro se* plaintiff:

> Jacqueline Robinson-Reeder
> 2140 Brooks Drive, #421
> District Heights, MD 20747

/s/ Christine N. Kearns

400602945v2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE ROBINSON-REEDER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN COUNCIL ON EDUCATION, ) <br> ) <br> Defendant. ) <br> ) | Case: 1:07-cv-00880 (JDB) <br><br> ELECTRONICALLY FILED |

## ORDER

This matter came before the Court on Plaintiff's Motion for Permanent Injunction in the above-captioned action. After consideration of the Motion and supporting papers and the Opposition thereto, good cause having been shown, it is by this Court this ____ day of _____, 2007,

ORDERED that Plaintiff's Motion for Permanent Injunction is hereby **denied**.

SO ORDERED.

                                                            Judge John D. Bates

Copies to:
Christine N. Kearns, Esq.
Julia E. Judish, Esq.
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037
Counsel for Defendant

Jacqueline Robinson-Reeder
2140 Brooks Drive, #421
District Heights, MD 20747
Plaintiff

400602945v2