UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JACQUELINE ROBINSON-REEDER,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN COUNCIL ON EDUCATION,<br><br>Defendant. | Case: 1:07-cv-00880 (JDB)<br><br>ELECTRONICALLY FILED |

**DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT**

Defendant American Council on Education ("ACE"), through the undersigned counsel, submits this Opposition to Plaintiff Jacqueline Robinson-Reeder's Motion for Default Judgment. As a preliminary matter, this Motion for Default Judgment is one of three in a string of frivolous motions that Ms. Robinson-Reeder has filed in the span of less than two weeks. While ACE has treated each of these motions seriously and filed oppositions to each one, ACE respectfully asks the Court to consider whether Ms. Robinson-Reeder's vexatious filings are abusing the litigation process. With respect to the substance of this motion, there is no legal or factual merit to Ms. Robinson-Reeder's contention that she is entitled to default judgment because attorney Julia E. Judish, instead of Christine N. Kearns,[1] represented ACE at the Initial Scheduling Conference in this Court on July 5, 2007. The Court should deny the Motion.

**I.     BACKGROUND**

Ms. Robinson-Reeder filed a Complaint in this Court on May 10, 2007, alleging that ACE, her former employer, discriminated and retaliated against her in violation of Title VII (42

---

[1] In her Motion, Ms. Robinson-Reeder mistakenly refers to "Cynthia N. Kearns," rather than Christine N. Kearns, as one of the attorneys for ACE.

U.S.C. § 2000e *et seq*.) She also claimed that ACE defamed her by giving negative references to potential employers. ACE filed its Answer on June 1, 2007. The signature block of the Answer contains the names of two attorneys at Pillsbury Winthrop Shaw Pittman LLP, the firm representing ACE: Christine N. Kearns and Julia E. Judish, who are both admitted to practice in this Court. Ms. Judish filed the Answer electronically with the Court, and the Clerk designated both Ms. Judish and Ms. Kearns as "LEAD ATTORNEY; ATTORNEY TO BE NOTICED." *See* Motion for Default Judgment at Exhibit II. On June 5, 2007, the Court issued an Order setting the Initial Scheduling Conference for July 5, 2007. The Order mandated that "Counsel who attend the conference must be sufficiently familiar with the case to answer any questions that arise," but did not otherwise require that a specific attorney or all attorneys representing a party attend.

On June 6, 2007, Ms. Kearns electronically filed a Notice of Appearance, to enable her to file pleadings electronically. On June 25, 2007, Ms. Judish and her colleague Ellen Cohen met personally with Ms. Robinson-Reeder for over an hour for the Joint Meet-and-Confer conference required by Local Rule 16.3 and F.R.C.P. 26(f). On June 29, 2007, ACE filed the Joint Local Rule 16.3 Report, which included an electronic signature for both Ms. Kearns and Ms. Judish. That same day, ACE filed a Motion for Judgment on the Pleadings, which was filed electronically by Ms. Kearns, and which also included an electronic signature for both Ms. Kearns and Ms. Judish. On July 2, 2007, Ms. Robinson-Reeder filed a Motion for Summary Judgment on her retaliation and defamation claims. She amended the Motion the following day.

2

On July 5, 2007, the Court held an Initial Scheduling Conference. Ms. Robinson-Reeder appeared *pro se*, and ACE was represented at the conference by Ms. Judish.[2]

On July 13, 2007, Ms. Robinson-Reeder filed two more motions, a Motion for Permanent Injunction, and this Motion for Default Judgment, based on the fact that Ms. Judish, rather than Ms. Kearns, appeared at the Initial Scheduling Conference. ACE is simultaneously filing oppositions to both motions.

**II.    ARGUMENT**

The Federal Rules of Civil Procedure provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," the Court shall enter the party's default. FED. R. CIV. P. 55. Given that ACE timely filed its Answer and has vigorously defended itself from the very inception of this litigation, an entry of default is plainly unwarranted.

Ms. Robinson-Reeder's quibble with the appearance of Ms. Judish, rather than Ms. Kearns, at the Initial Scheduling Conference is utterly without merit. The docket sheet submitted by Ms. Robinson-Reeder as an exhibit to her Motion for Default clearly shows that ACE is represented by both Ms. Kearns and Ms. Judish. Both attorneys are listed with the designation "LEAD ATTORNEY; ATTORNEY TO BE NOTICED." Motion for Default Judgment at Exhibit II. Further, docket entry 3 shows that the Answer to Ms. Robinson-Reeder's Complaint was filed by Ms. Judish. *Id.* Ms. Judish's name is listed in the signature block of the Answer right below Ms. Kearns's name. *See* Answer at 5. Ms. Judish has therefore entered an

---

[2] Both Ms. Judish and Ms. Robinson-Reeder addressed the Court during the conference. Ms. Robinson-Reeder used her remarks to accuse Ms. Judish of lying to the Court about her identity. It became apparent that Ms. Robinson-Reeder, who had previously met both Ms. Judish and her colleague Ellen Cohen at the Joint Meet-and-Confer conference, had simply confused the names of the two attorneys she had met.

appearance on behalf of ACE and properly represented ACE at the Initial Scheduling Conference on July 5, 2007. Ms. Judish fully satisfied the requirement of the Court's June 5, 2007 Order that "Counsel who attend the conference must be sufficiently familiar with the case to answer any questions that arise." No Rule or law requires a party to incur the expense of having every attorney working on its case attend scheduling conferences or other court proceedings. Ms. Robinson-Reeder's Motion for Default is frivolous and a misuse of the Court's valuable time, and it should be denied.

### III.    CONCLUSION

For all of the foregoing reasons, the Motion for Default Judgment should be denied.

DATED: July 20, 2007                                Respectfully submitted,

/s/_____
Christine N. Kearns (No. 416339)
Julia E. Judish (No. 461630)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000

Counsel for Defendant
American Council on Education

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2007, the foregoing Opposition to Motion for Default Judgment was served by first-class, postage-prepaid, U.S. mail, to the following *pro se* plaintiff:

>Jacqueline Robinson-Reeder
>2140 Brooks Drive, #421
>District Heights, MD 20747

/s/ Christine N. Kearns

400603135v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACQUELINE ROBINSON-REEDER, )
)
Plaintiff, )
)
v. )
) Case: 1:07-cv-00880 (JDB)
AMERICAN COUNCIL ON EDUCATION, )
) ELECTRONICALLY FILED
Defendant. )
)

## ORDER

This matter came before the Court on Plaintiff's Motion for Default Judgment in the above-captioned action. After consideration of the motion and supporting papers and the opposition thereto, good cause having been shown, it is by this Court this ____ day of _____, 2007,

ORDERED that Plaintiff's Motion for Default Judgment is hereby **denied**.

SO ORDERED.

_____
Judge John D. Bates

Copies to:
Christine N. Kearns, Esq.
Julia E. Judish, Esq.
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037
Counsel for Defendant

Jacqueline Robinson-Reeder
2140 Brooks Drive, #421
District Heights, MD 20747
Plaintiff

400603135v1