**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JACQUELINE ROBINSON-REEDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case: 1:07-cv-00880 (JDB) |
| ) | |
| AMERICAN COUNCIL ON EDUCATION, ) | ELECTRONICALLY FILED |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant American Council on Education ("ACE"), through the undersigned counsel, respectfully submits this Reply in Support of its Motion for Judgment on the Pleadings.

Plaintiff Jacqueline Robinson-Reeder's "Motion to Oppose Judgment on Defendant's Pleadings" does not counter the central issue raised in ACE's Motion: that the allegations in her Complaint fail to state a cause of action under Title VII. In addition, Ms. Robinson-Reeder does not dispute – or even address – that this Court would lack supplemental jurisdiction over her common law defamation claim upon dismissal of her Title VII claims. The arguments Ms. Robinson-Reeder advances in her Opposition are either incorrect as a matter of law or irrelevant in addressing the merits of ACE's Motion. Therefore, the Court should grant ACE's Motion and dismiss Ms. Robinson-Reeder's Title VII claims with prejudice, and, consequently, dismiss her defamation claim for lack of supplemental jurisdiction.

**I.     INTRODUCTION**

As an initial matter, the Court is entitled to dismiss Ms. Robinson-Reeder's Complaint simply on the ground that she failed to file a timely opposition to ACE's June 29, 2007 Motion for Judgment on the Pleadings. On July 6, 2007, in light of Ms. Robinson-Reeder's *pro se* status, this Court issued an Order advising Ms. Robinson-Reeder that "she must respond to defendant's previously filed motion within fourteen days of the date of this Order" or "the court will treat the motion as conceded and dismiss the complaint." Ms. Robinson-Reeder did not file her Opposition until July 25, 2007, five days after her July 20, 2007 extended filing deadline. Based upon the Court's July 6, 2007 Order, the Complaint should be dismissed.

Even if the Court chooses to consider the substance of Ms. Robinson-Reeder's Opposition, however, she fails to rebut that, as a matter of law, her Complaint has not stated a cause of action under Title VII. Ms. Robinson-Reeder's Opposition repeats and elaborates on many of the allegations in her Complaint, adds new recitations of perceived injustice, and voices her sense of injury, but, ultimately, she disputes very few of the points raised in ACE's Motion. Specifically:

- Ms. Robinson-Reeder does not dispute that a motion for judgment on the pleadings is assessed under the same standard as a motion to dismiss for failure to state a claim, or that a Title VII plaintiff must at least allege facts in the Complaint that, if true, would establish the elements of each claim of discrimination or retaliation. *See* Motion at 5-6 and authority cited.

- Ms. Robinson-Reeder does not dispute that an administrative exhaustion requirement applies to all discrete claims of discrimination or retaliation, or that dismissal results when a plaintiff fails to exhaust administrative remedies. *See* Motion at 7-8, 14 and authority cited. Similarly, she does not dispute that this Court may consider only those allegations that are encompassed in a predicate charge filed with the U.S. Equal Employment Opportunity Commission ("EEOC Charge"). *See id*.

- Ms. Robinson-Reeder does not dispute that the EEOC Charge she filed on December 15, 2006 makes no reference whatsoever to her alleged complaints about inadequate technical assistance during September and October 2006, nor does she dispute that her EEOC Charge is also silent with respect to alleged disparate treatment by ACE in response to those complaints. *See* Motion at 8 and authority cited; *see also* EEOC Charge, attached to Declaration of Noreene Duggan as Exhibit A.

- Ms. Robinson-Reeder does not dispute that in order to be actionable, an alleged adverse employment action must be material. *See* Motion at 9, 16 and authority cited.

- Ms. Robinson-Reeder does not dispute that the written notice she received from ACE placing her on probation for thirty days ("Probation Notice") in no way changed the terms or conditions of her employment or that courts in this Circuit have consistently held that such notice does not constitute a

3

materially adverse employment action.  *See* Motion at 9 and authority cited.

- Ms. Robinson-Reeder does not dispute that there is no allegation in the Complaint that her resignation was connected to intentional racial discrimination.  *See* Motion at 12 and authority cited.  To the contrary, Ms. Robinson-Reeder admits that her resignation was a result of her frustration with her office assistant, an alleged lack of technical support, and her displeasure at being placed on probation.  *See* Opp. at 7 ("Due to ACE's failure to correct the insubordination of LaTisha Wadlington and offer technical assistance to the plaintiff, coupled with the unfair probation, the plaintiff resigned after two months of the intentional malicious and reckless behavior."); *id.* at 12 ("The discrimination was stressful, but it seemed to be controllable.  However, this disrespectful behavior [by her African-American office assistant] in addition to the discrimination was to[o] much to endure").

- Ms. Robinson-Reeder does not dispute ACE's contention that federal courts ordinarily regard as voluntary an employee's decision to quit over stress-related health concerns, such as her alleged "mental anguish" from trying to function in an "unhealthy workplace environment."  *See* Motion at 13 and authority cited.

- Ms. Robinson-Reeder does not dispute case law holding that a short time period between an allegedly intolerable working condition and a

4

> resignation, such as the one-day period between the issuance of the Probation Notice and Ms. Robinson-Reeder's decision to quit, compels the conclusion that the employee's resignation was voluntary and not a constructive discharge. *See* Motion at 13-14 and authority cited.[1]

- Ms. Robinson-Reeder does not dispute that once the Court dismisses her Title VII claims, it will have no independent basis to exercise jurisdiction over her defamation claim, and should therefore dismiss that claim as well for lack of supplemental jurisdiction. *See* Motion at 17 and authority cited.

Ms. Robinson-Reeder does not contradict any of the legal authority cited by ACE. Instead, she relies heavily on the proposition, acknowledged by ACE in its Motion, that courts ordinarily hold the pleadings filed by *pro se* litigants to less stringent standards than formal pleadings drafted by lawyers. *See* Motion at 6 and authority cited; Opp. at 2, 16 (asking that her "lack of legal expertise in quoting law" not serve as a basis for dismissal and "pray[ing] that the court will assist the *pro se* plaintiff in legal areas that are overlooked"). Even *pro se* plaintiffs, however, bear the burden of "present[ing] a claim on which the Court can grant relief." *Bennett v. United States Chess Fed'n*, 468 F. Supp.

---

[1] The Probation Notice is dated November 6, 2006, and Ms. Robinson-Reeder's letter of resignation is dated November 7, 2006. *See* Declaration of Noreene Duggan Exhibits B and C. Ms. Robinson-Reeder states in her Opposition that she typed the wrong date on her resignation letter due to "rushing to resign" on the very same day that the Probation Notice was issued. *See* Opp. at 4. Regardless of whether the resignation letter was tendered on November 6 or November 7, Ms. Robinson-Reeder concedes that she "rush[ed] to resign" immediately upon receiving the Probation Notice, confirming there was no constructive discharge. *See* Motion at 13-14 and authority cited.

5

2d 79, 86, 90 (D.D.C. 2006) (dismissing *pro se* plaintiff's Title VII racial discrimination and retaliation claims under Rule 12(b)(6) where "[n]otwithstanding [plaintiff's] frustration with the disagreements between the parties, plaintiff … fails to state a claim on which relief can be granted") (citing *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).  That Ms. Robinson-Reeder has decided to proceed *pro se* does not entitle her to a jury trial.

Ms. Robinson-Reeder attempts to use her *pro se* status as an excuse for irrelevant tirades that have no bearing on whether her Complaint states a cause of action under Title VII.  *See, e.g.*, Opp. at 4, 11 (stating that she tendered letter of resignation on November 6, 2006, not November 7, 2006); *id*. at 4-5, 11 (accusing ACE of lying to the Court); *id*. at 5, 15-16 (raising new allegation that ACE is denying her a job reference in retaliation for filing an EEOC Charge in December 2006); *id*. at 6-8 (criticizing ACE's personnel decisions); *id*. at 11 (attempting to argue merits of defamation claim); *id*. at 12 and Exhibit A (describing packing up her belongings on her last day at ACE); *id*. at 16 (reciting various medical ailments and recounting plight of being "forced" to work in a mailroom for $10.00 per hour since resigning from ACE).  None of this bears on the pending Motion or the adequacy of the Complaint.

## II.     ARGUMENT

Despite its length and tone, Ms. Robinson-Reeder's Opposition actually disputes just three arguments in ACE's Motion: (1) ACE's contention that she failed to exhaust her administrative remedies; (2) ACE's contention that neither the Probation Notice nor her resignation (styled in the Complaint as a "constructive discharge") constituted a

6

materially adverse employment action; and (3) ACE's contention that she did not engage in statutorily protected activity when she complained about her office assistant and her alleged lack of computer support. None of the arguments have legal merit.

    **A.    Ms. Robinson-Reeder Failed to Exhaust Her Administrative Remedies.**

        1.    The Chronology Of Ms. Robinson-Reeder's EEOC Filings.

As an initial matter, it may be helpful to the Court to recap the chronology of Ms. Robinson-Reeder's various EEOC filings. Ms. Robinson-Reeder filed an EEOC Charge on December 15, 2006, Charge No. 570-2007-00606 (the "December 2006 Charge"), alleging racial discrimination and checking only the "race" discrimination box. *See* Declaration of Noreene Duggan Exhibit A. The EEOC sent ACE a Notice of Charge for the December 2006 Charge on January 4, 2007. *Id*. The December 2006 Charge makes no mention of the alleged disparate treatment relating to computer equipment; retaliation in any form; ACE's alleged refusal to provide post-employment references; or ACE's alleged giving of negative references. The EEOC dismissed the December 2006 Charge and mailed a "Dismissal and Notice of Rights" to Ms. Robinson-Reeder on February 12, 2007. Complaint at ¶ 9 and attachment thereto.

On February 12, 2007, after learning of the dismissal of the December 2006 Charge, Ms. Robinson-Reeder filed an EEOC Intake Questionnaire with a typewritten attachment labeled "Notification of Premature Dismissal." Intake Questionnaire at Exhibit I of Plaintiff's Amendment to Motion for Summary Judgment, filed July 3, 2007. There is no allegation that ACE was aware of the Intake Questionnaire before Ms.

Robinson-Reeder's filing with this Court.  The Intake Questionnaire does check a retaliation box and specifies that Ms. Robinson-Reeder believes she has suffered retaliation for "filing EEOC case."[2]

Ms. Robinson-Reeder also apparently filed a second EEOC Charge on March 1, 2007, Charge No. 570-2007-00948 (the "March 2007 Charge"), alleging that ACE has "been providing negative references about me to my potential employers" in retaliation for her filing the December 2006 Charge.  *See* Opposition Exhibit I.  There is no evidence that the EEOC ever mailed a Notice of Charge to ACE, or that Ms. Robinson-Reeder ever received a Right to Sue letter in regard to the March 2007 Charge.

---

[2]  Even if the Court were inclined to treat the Intake Questionnaire as equivalent to a formal charge of retaliation for exhaustion purposes, however, the Court of Appeals for this Circuit has held that "the pre-complaint questionnaire is not the same as an EEOC charge."  *Park v. Howard Univ.*, 71 F.3d 904, 908 (D.C. Cir. 1995) (noting that "[t]o treat Intake Questionnaires willy-nilly as charges would be to dispense with the requirement of notification of the prospective defendant, since that is a requirement only of the charge and not of the questionnaire.") (quotation omitted).  *Compare Nesemeier v. Commonwealth Land Title Ins. Co.*, Civ. No. 03-1971 (RMU), 2004 U.S. Dist. LEXIS 18496 (D.D.C. Sept. 10, 2004) (holding that an intake questionnaire submitted by a *pro se* plaintiff qualified as a valid charge of discrimination for purposes of determining timely filing of a charge).  However, the Court in *Nesemeier* acknowledged that "this circuit has not conclusively adopted a test to determine what would constitute a valid charge . . ."  *Id.* at *8.  Further, *Nesemeier* has not been followed in subsequent decisions by this Court, nor does it address the circumstances in Ms. Robinson-Reeder's case, where she filed a valid Charge and then, months later, after the employer had been served with the Notice of Charge and the Charge had been dismissed, added new allegations in an Intake Questionnaire.  Ms. Robinson-Reeder's type-written supplement to her Intake Questionnaire admits that her Charge has already been dismissed ("the EEOC used the condition of favoritism to dismiss my case.").

      2.      Ms. Robinson-Reeder's EEOC Filings Do Not Satisfy The Prerequisites To **This Suit**.

Ms. Robinson-Reeder's failure to exhaust her administrative remedies precludes both her Title VII claim of alleged disparate treatment arising from her complaints about allegedly inadequate technical support and her entire retaliation claim in the Complaint. *See* Motion at 7-8, 14 and authority cited.

In her Opposition, Ms. Robinson-Reeder denies that she failed to exhaust her administrative remedies, stating that she filed two EEOC Charges and complained to ACE's management. Opp. at 10. However, neither Charge makes any reference whatsoever to alleged disparate treatment, nor does Ms. Robinson-Reeder provide any other evidence showing that ACE had notice that alleged disparate treatment was an issue. As a result, the portion of the Complaint alleging discrimination with respect to Ms. Robinson-Reeder's complaints about technical assistance must be dismissed for failure to exhaust administrative remedies. *See Rattigan v. Gonzales*, Civ. A. No. 04-2009 (ESH), 2007 U.S. Dist. LEXIS 39227, at *24-25 (D.D.C. May 31, 2007) (holding that a plaintiff may only proceed to federal court with a Title VII claim on "those allegations that were contained in an EEOC complaint or those that are 'like or reasonably related to the charge and grow out of such allegations'" and granting motion to dismiss for failure to exhaust administrative remedies) (citing *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995)).

The Complaint also alleges that Ms. Robinson-Reeder was placed on probation for complaining about her alleged lack of computer support during September and October 2006; that the Probation Notice was "a direct form of 'retaliation'" for her

9

complaints about her office assistant, whom she alleges is related to a Human Resources associate at ACE; that her constructive discharge was retaliatory and that negative references followed her departure. *Id*. at ¶¶ 2, 5, 8. However, the December 2006 Charge makes no mention of retaliation whatsoever, and the box for retaliation is not checked. Even the March 2007 Charge does not mention the Probation Notice as a form of retaliation. Even if it had, as set forth above, Ms. Robinson-Reeder has not received a Right to Sue letter. As the December 2006 Charge is the only EEOC Charge for which ACE received a Notice of Charge and for which Ms. Robinson-Reeder received a Right to Sue letter, the retaliation claim may not proceed. In her Opposition, Ms. Robinson-Reeder argues that ACE "falsely state[s] that the plaintiff did not mark 'retaliation or race' on the EEOC complaint dated December 15, 2006. It is quite apparent that both boxes are marked [on Declaration of Noreene Duggan Exhibit A]." Opp. at 4. Ms. Robinson-Reeder is plainly mistaken. ACE asks that the Court take judicial notice of the fact that the box for retaliation is not checked, and that Ms. Robinson-Reeder's own sworn description of her charge contains no allegations of retaliation.

Ms. Robinson-Reeder alleges in her Opposition that "the entire H.R. staff is participating in giving negative … job references out of retaliation. One evil staff person informed a potential employer that I was 'fired.'" Opp. at 6. Although this allegation reflects similar allegations to those made in the Intake Questionnaire filed by Ms. Robinson-Reeder after dismissal of the December 2006 Charge and those made in the March 2007 Charge, ACE has not received notice of this later Charge, and Ms. Robinson-Reeder has not provided any evidence that she has been issued a Right to Sue letter on this new retaliation claim.

Finally, Ms. Robinson-Reeder also uses her Opposition to articulate an entirely new retaliation claim: that ACE is refusing to give her job references in retaliation for her decision to file the December 2006 Charge. *See* Opp. at 5 ("The American Council on Education is denying the plaintiff a job reference out of retaliation from the EEOC Charge filed on December 15, 2006."). This allegation appears nowhere in the Complaint and is not properly before the Court. Ms. Robinson-Reeder has, therefore, failed to exhaust her administrative remedies with respect to this retaliation claim, and it should not be considered by the Court.

### B. Neither The Probation Notice Nor The Decision To Resign (The Only Circumstances Identified In The December 2006 Charge) Constitute a Materially Adverse Employment Action.

Ms. Robinson-Reeder's discrimination claim fails in its entirety because the neither the Probation Notice nor the so-called "constructive discharge" constitute an adverse employment action. *See* Motion at 8-14 and authority cited. Ms. Robinson-Reeder offers nothing besides her own conclusory statements and subjective beliefs to argue that these actions meet the standard for material adversity, but such statements are insufficient as a matter of law. *See Kopff v. Battaglia*, 425 F. Supp. 2d 76, 90 (D.D.C. 2006) (Bates, J.) ("Conclusory legal and factual allegations . . . need not be considered by the court") (dismissing plaintiff's claims under Rule 12(b)(6)); *Runkle v. Gonzalez*, 391 F. Supp. 2d 210, 220 (D.D.C. 2005) (granting motion to dismiss Title VII claim because "the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations").

Ms. Robinson-Reeder argues that "Probation is considered adverse action when it is not justified." Opp. at 13. She offers no legal support for this proposition – nor can she, for it is well-settled that "not everything that makes an employee unhappy is an actionable adverse action," *Russell v. Principi*, 257 F.3d 815, 818 (D.C. Cir. 2001), and that "only disciplinary actions that result in a tangible harm, such as a change in grade, salary, or other benefits, rise to the level of adverse employment actions." *Everson v. Medlantic HealthCare Group*, 414 F. Supp. 2d 77, 82-82 (D.C.C. 2006). It is undisputed that the Probation Notice did not change the terms or conditions of Ms. Robinson-Reeder's employment. Therefore, the Probation Notice did not constitute a materially adverse employment action as a matter of law. *See* Motion at 10-11 and authority cited.

Ms. Robinson-Reeder also argues that "[a]dverse employment action had occurred during the weeks of October 17 [the date her office assistant was hired] to November 6, 2006 leading up to the plaintiff's constructive discharge on November 6, 2006." Opp. at 12. She states that "[c]onstructive discharge was forced when the employer is lying, ignoring and disciplining employee without verbal warnings." *Id*. at 8. However, she does not – and cannot –contradict the legal authority cited by ACE. The standard for constructive discharge is "whether a *reasonable* employee would have concluded that the conditions made remaining in the job unbearable and thus would have felt compelled to resign." *Kalinoski v. Gutierrez*, 435 F. Supp. 2d 55, 78 (D.D.C. 2006) (Bates, J.) (rejecting claim that actions that were "career-harming" but not "career-ending" constituted a constructive discharge) (emphasis in original). No reasonable employee would have felt compelled to resign due to an inability to get along with a subordinate over the span of three weeks. *See Roberts v. Segal Co.*, 125 F. Supp. 2d

4545, 550 (D.D.C. 2000) (rejecting constructive discharge claim because plaintiff "only endured her alleged treatment for less than three weeks").  Ms. Robinson-Reeder has failed to rebut the argument that her resignation was not a materially adverse employment action, and therefore did not constitute a constructive discharge.  *See* Motion at 11-14 and authority cited.

### C. Ms. Robinson-Reeder's Complaints Prior To Her Resignation Were Not "Protected Activity."

The retaliation claim alleged in the Complaint must be dismissed because Ms. Robinson-Reeder did not engage in protected activity.  In her Opposition, Ms. Robinson-Reeder states that she engaged in protected activity by filing two EEOC Charges and by complaining internally about her office assistant's alleged insubordination.[3]  Opp. at 6, 9, 15.  As an initial matter, both EEOC Charges were filed *after* Ms. Robinson-Reeder resigned from ACE, so they cannot serve as the predicate protected activity for the alleged adverse actions of the Probation Notice and purported constructive discharge by ACE described in the Complaint.  *See Stewart v. Evans*, 275 F.3d 1126, 1134 (D.C. Cir. 2002) (affirming Rule 12(c) dismissal of retaliation claim and holding that a *prima facie* case of retaliation requires showing a causal connection between the protected activity and the materially adverse action).

With respect to Ms. Robinson-Reeder's assertion that she engaged in protected activity by complaining about her office assistant, the Complaint does not allege that

---

[3] As discussed above, the new retaliation claim of alleged negative references based on the filing of the December 2006 Charge was not alleged in the Complaint, has not been administratively exhausted, and is not, therefore, properly before the Court.

400617042v3

Ms. Robinson-Reeder ever stated a belief to ACE that her subordinate's behavior was discriminatory. Ms. Robinson-Reeder now states that she "believes in 'good faith' that [ACE] is in violation of Title VII," Opp. at 1, but the Complaint does not allege that she ever informed ACE of this apparent belief. Her internal complaint about her office assistant therefore does not qualify as protected activity. *See Logan v. Dep't of Veterans Affairs*, 404 F. Supp. 2d 72, 76-77 (D.D.C. 2005) (granting employer's motion to dismiss because employee's filing of a grievance regarding medical care was not "'protected' with the meaning of Title VII" because it did "not include a claim of discrimination"). No reasonable person would believe that complaining about a co-worker's alleged insubordination is a form of activity protected by Title VII. *See* Motion at 15-16 and authority cited.

### III. CONCLUSION

For the reasons set forth above and in ACE's Motion, the Court should grant ACE's Motion and dismiss the Title VII claims with prejudice, and should dismiss the defamation claim for lack of supplemental jurisdiction.

DATED: August 6, 2007                    Respectfully submitted,

/s/ Christine N. Kearns
Christine N. Kearns (No. 416339)
Julia E. Judish (No. 461630)
PILLSBURY WINTHROP SHAW
PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000

Counsel for Defendant
American Council on Education

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of August, 2007, the foregoing Reply in Support of Motion for Judgment on the Pleadings was served by first-class, postage-prepaid, U.S. mail, to the following *pro se* plaintiff:

>Jacqueline Robinson-Reeder
>2140 Brooks Drive, #421
>District Heights, MD  20747


>/s/ Christine N. Kearns

400617042v3