RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 AUG 13 PM 4: 06

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MAYER WHITTINGTON
CLERK

| | |
|---|---|
| JACQUELINE T. ROBINSON-REEDER ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| ) | **Civil Case: 07-0880 (JDB)** |
| AMERICAN COUNCIL ON EDUCATION ) | |
| ) | |
| ) | |
| **Defendant** ) | |
| ) | |

RECEIVED

AUG 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S MOTION IN RESPONSE TO DEFENDANT'S OPPOSITION ON PERMANENT INJUNCTION TO GAIN EMPLOYMENT

The Plaintiff is in opposition of the defendant's position to deny permanent injunction for employment. Upon the submission of this motion, the plaintiff is unemployed and benefits are exhausted under constructive discharge. See Exhibit (1) The defendant is admitting to refusing the plaintiff a job reference for discriminatory reasons. [1] The court should act swiftly to assist the plaintiff in relief to gain employment which is the right of every human being under the Universal Declaration of Human Rights – Preamble: Article 7, 23, 25.

> Providing an adverse employment reference or **[refusing to provide a reference for discriminatory reasons or in retaliation for filing an EEOC charge is a violation of Title VII.]** Although Title VII and similar state laws typically protect only "employees" from discrimination and retaliation, courts have been willing to extend their protection to former employees in this context. *See, e.g.,Robinson v. Shell Oil,* 519 US 337, 346 (1997) (holding that 42 USC 2000e-3(a), which makes it unlawful for an employer to discriminate against employees who have availed themselves of protections under Title VII, is applicable to former employees).

---

[1] 7 /All are equal before the law and are entitled without any discrimination to equal protection of the law. All are entitled to equal protection against any discrimination in violation of this Declaration and against any incitement to such discrimination. 23 / Everyone has the right to work, to free choice of employment, to just and favorable conditions of work and to protection against unemployment. 25/Everyone has the right to a standard of living adequate for the health and well-being of himself and of his family, including food, clothing, housing and medical care and necessary social services, and the right to security in the event of unemployment, sickness, disability, widowhood, old age or other lack of livelihood in circumstances beyond his control.

The plaintiff resigned from the defendant, the American Council on Education on November 6, 2006, to be effective on November 27, 2006, allowing the standard 2-week notice. The defendant showed discriminatory behavior by instructing the plaintiff to leave the premises on the same day the resignation letter was typed, November 6, 2006, denying the last date of employment to be November 27, 2006. (Attachment I) – Declaration of Ivory L. Teague, Jr. – ACE, is this normal procedure for white staff that resign?

In the defendant's haste to further discriminate against the plaintiff, the Human Resources department denied any explanation regarding of COBRA benefits for the plaintiff or her husband and son/dependents.

**B. Retaliation based on "Protected and Opposing activity"**

The plaintiff is in opposition of the defendant's opposing remarks to Title VII of the Civil Rights Act of 1964. This act relies on an anti-retaliation provision to give effect to its prohibition of discrimination in the workplace.

Title VII Civil Rights Act of 1964 – (b) It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against any individual of his race, color, religion, sex or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin.

Section 704 of the Title VII establishes that is unlawful for an employer to: Discriminate against any of his employees or applicants for employment. because [the employee] has oppose any practice made an unlawful employment practice by this subchapter or because [the employee] has made a charge, testified, assisted or participated in any manner of an investigation, proceeding, or hearing under this chapter.

**EEOC retaliation examples of *adverse action* after employee engaged in "opposing or protected activity" --**

*— Actions affecting employment such as threats, unjustified negative evaluations, unjustified negative references, or increased surveillance.*

The American Council on Education is denying a standard job reference necessary for a human-being to gain employment that was not "fired" but "resigned." Therefore, the employer is engaging in retaliatory behavior under many violations, mainly in this case of "defamation " by an qualified privilege, then the employer or its agent, has a direct intent to injure the plaintiff.

The defendant's failure to properly investigate the truth of the matter, the lack of offering the employee technical assistance and the failure to provide improvement of the workplace environment intentionally caused the 52 year-old African American woman/employee with malicious harm.

The Executive Director did not allow the proper investigation in the "defamation of hearsay" on the fabricated "rude and unprofessional" accusations before discriminating against the plaintiff in such hasty manner. The staff of 15 professionals had no complaints of such defaming statements of "rude and unprofessional" at the HED location and the plaintiff was well liked by staff excluding L. Wadlington, the relative/friend of the H.R. associate.

**"[A]n abuse of a qualified privilege may consist of any reckless act which shows a disregard for the defamed party's rights, including the failure to properly investigate the truth of the matter, limit the scope of the material, or send the material to only the proper parties"**

The American Council on Education told potential employers that I was "fired for being "rude and unprofessional" – why would any potential employer hire an individual of this character.

*Defamation Per Se: Libel and slander cases are often, as a practical matter, won or lost on the basis of whether the plaintiff-employee can establish defamation per se is entitled to presumed damages without any specific proof of injuries. Defamation per se "requires that the*

*words used are in and of themselves so obviously and naturally harmful that the proof special damages are unnecessary. There are four classes of words, if falsely communicated, which constitute defamation per se: 3.) Those imputing inability to perform or want of integrity in the discharge of duties of office or employment.*

The plaintiff's words were misquoted. All conversations were in a gentle pleading manner for assistance, and were misconstrued to *frame*" – *to make an innocent person appear guilty.* [2]Plaintiff searched and embraced employees during her Orientation on November 2, 2006, at the ACE location that assisted her in the installation of PeopleSoft.

The defense has not been able to provide names or dates of the people alleging the rude behavior the plaintiff inflicted on them. The Human Resources department failed to conduct a proper investigation on the "hearsay allegations" in their haste to discriminate against the plaintiff.

Pursuant to Federal Rule 8 – The plaintiff has stated a claim on May 10, 2007, in her civil complaint as being a victim of discrimination, retaliation, constructive discharge, adverse action and defamation. The relief stated as in accordance to the law of the court and any other relief the court deem necessary. The defendant states their attempt to settle was for peace and the job reference can be given voluntary, the court action is needed, because their statements are mere language backed up by actually doing nothing to allow their ex-employee employment like any other employed by the American Council on Education.

Why is the plantiff being treated so differently? The filing of the EEOC charge in December 2006, is the answer. I pray that Judge Bates have pity and do something before the plaintiff emerges in progressive poor health with no income, due to the relentless hatred from the American Council on Education to harm the plaintiff, Jacqueline T. Robinson-Reeder.

---

[2] *If I be wicked, why then labor, I in vain?* – *Job: 9 vs. 29*

Date _August 13, 2007_

Jacqueline T. Robinson-Reeder
2140 Brooks Drive, #421
Forestville, Maryland 20747

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JACQUELINE T. ROBINSON-REEDER,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | |
| ) | **Civil Case: 07-0880 (JDB)** |
| ) | |
| **AMERICAN COUNCIL ON EDUCATION** ) | |
| ) | |
| ) | |
| **Defendant** ) | |

## PROPOSED ORDER

Jacqueline T. Robinson-Reeder, hereby requests pursuant to LCvR7, this matter before

Judge John D. Bates on the plaintiff's motion for "Permanent Injunction to gain

employment against the American Council on Education. After through consideration,

Judge John D. Bates finds that this motion is well taken and should be granted.

IT IS THEREFORE ORDERED that the plaintiff's motion is granted and so ordered

on date:_____

Judge John D. Bates
United States District Court for District of Columbia

# CERTIFICATE OF SERVICE

**I hereby certify that the opposing motion for Permanent Injunction was mailed to the address**

**below on August 13, 2007.**

Christine N. Kearns
Pillisbury Winthrop Shaw
Pittman LLP
2300 N Street, N.W.
Washington DC  20037

Jacqueline T. Robinson-Reeder - date
2140 Brooks Drive, #421
District Heights, Maryland  20747

*EXHIBIT (1)*

DOES Home | Unemployment Insurance FAQs

 **webs**
automated benefit services

Home | Log Off

**You are logged in as**
**JACQUELINE T ROBINSON**
**REEDER**
**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**

## Continued Claim Form

| | |
|---|---|
| **Benefit Year End:** | 12/15/2007 |
| **Weekly Benefit Amount:** | $359.00 |
| **Available Balance:** | $0.00 |

File Claims

Payment History

View Appeals

1099 Data

Direct Deposit

My Profile

Contact Us

**Your claim has exhausted benefits and you have received final payment.**
**Please Contact Us if you have questions.**

*I declare this is true*

*Jacqueline Rbf-Reeder*

*Aug 13. 2007*



**ON POINT**
TECHNOLOGY, INC.