RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 AUG 13 PM 4:07

NANCY M.
MAYER-WHITTINGTON
CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JACQUELINE T. ROBINSON-REEDER** | ) | |
| **Plaintiff** | ) | |
| vs. | ) | **Civil Case: 07-0880 (JDB)** |
| **AMERICAN COUNCIL ON EDUCATION** | ) | |
| **Defendant** | ) | |

**PLAINTIFF'S MOTION ON RESPONSE TO DEFENDANT'S OPPOSITION ON DEFAULT JUDGMENT**

I, Jacqueline T. Robinson-Reeder, plead the Court to take serious the plaintiff's motion for Default Judgment, pursuant to U.S. Code Title 28 (b) Rule 55. Default

> (b) Judgment. Judgment by default may be entered as follows:
>
> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

The plaintiff has not received an "Entry of Appearance" or "Attorney's Certificate" for **Julia E. Judish,** pursuant to Federal Rule 83.6 and 83.2. The defendant or the court should have respect to forward the Entry of Appearance or Attorney's Certificate due to the fact that the plaintiff does not have access to the electronic signature of Ms. Julie E. Judish to defend the American Council on Education on the plaintiff's civil complaint.

RECEIVED

AUG 13 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The defendant claims that Ms. Judish has electronically signed court pleadings is incorrect. Ms. Judish has signed the "Certificate of Service" not the court pleadings. The electronic signature block on all court pleadings are signed by Christine N. Kearns.

Therefore, until plaintiff's receipt of above mentioned court documents to be signed and dated before July 5, 2007, is received, the plaintiff's motion should be respected under Rule 55 to have the default entered under "Failure to Appear" and grant the judgment on behalf of the plaintiff due to Ms. Kearns neglect to appear in the hearing as lead attorney representing the American Council on Education dated July 5, 2007.

**Argument:**

1. On July 5, 2007, Ms. Judish, nervous behavior allowed for the writing of the motion for Default judgment.

2. Ms. Judish approached the Clerk of the court several times to have some other case of sentencing heard before the plaintiff's to allow time for the appearance of Ms. Kearns in the courtroom. Check the tape.

2. Ms. Judish, acknowledged the salutation from the plaintiff of "Good morning, Ms. Cohen" and did not correct the plaintiff, therefore causing the confusion by later addressing the court as Ms. Judish.

3. Ms. Judish anxious behavior constantly looking back to the doors and sending messages on her blackberry was suspicious and well-noticed by the Clerk and the plaintiff.

4. The suspicious behavior pattern of Ms. Judish caused the confusion and gave the plaintiff reason to read the Civil rules to file the motion under Rule 55.

5. I have not been introduced to the lead attorney, Ms. Christine A. Kearns, again allowing for the confusion of several females addressing the court and the plaintiff. Therefore, the mistake of using Christine or Cynthia Kearns makes sense even though neither one respected the court order to attend the defendant's hearing on July 5, 2007. It is quite evident Ms. Judish expected the attendance of Ms. Kearns as well. The tape can be heard of her request to have some other case of sentencing to be heard before the plaintiff's.

**Summary:**

In reference to the defendant complaining about my rights under the law, it should be recommended that ACE and their law firm read "Title VII, the Civil Rights Act of 1964". Upon reading this material the law firm should instruct their client to refrain from engaging in malicious and intentional harm towards the African American plaintiff. The need to whine to the court wouldn't exist if the defendant tried to comprehended the rights of the African American plaintiff to defend her civil complaint.

Jacqueline T. Robinson-Reeder - Aug 13, 2007

Jacqueline T. Robinson -Reeder
2140 Brooks Drive, #421
District Heights, Maryland 20747

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JACQUELINE T. ROBINSON-REEDER,** **Plaintiff** vs. **AMERICAN COUNCIL ON EDUCATION** **Defendant** | **Civil Case: 07-0880 (JDB)** |

**PROPOSED ORDER**

Jacqueline T. Robinson-Reeder, hereby requests pursuant to LCvR7, this matter before Judge John D. Bates on the plaintiff's motion for "Default Judgment" against the American Council on Education. After through consideration, Judge John D. Bates finds that this motion is well taken and should be granted.

IT IS THEREFORE ORDERED that the plaintiff's motion is granted and so ordered on date:________________________________________

Judge John D. Bates
United States District Court for District of Columbia

## CERTIFICATE OF SERVICE

**I hereby certify that the opposing motion for Default Judgment was mailed to the address below on August 13, 2007.**

Christine N. Kearns
Pillisbury Winthrop Shaw
Pittman LLP
2300 N Street, N.W.
Washington DC 20037

Jacqueline T. Robinson-Reeder Aug 13 2007

Jacqueline T. Robinson-Reeder - date
2140 Brooks Drive, #421
District Heights, Maryland 20747