Leave to file GRANTED

*John D. Bates 8/24/07*
John D. Bates
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE T. ROBINSON-REEDER ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | Civil Case: 07-0880 (JDB) |
| AMERICAN COUNCIL ON EDUCATION ) | |
| ) | |
| Defendant ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Jacqueline T. Robinson-Reeder, pleads the U.S. District Court of the District of Columbia, to immediately halt the discrimination from the defendant, the American Council on Education. The plaintiff stated a claim under discrimination and retaliation violating Title VII, the Civil Rights Act of 1965, on May 10, 2007; see Exhibit (a) – Title 42 United States Code, Section 1981 and the defendant admitted to offering settlement. The defendant has avoided defense or explanation for the plaintiff's [1]prima facie case in all of their pleadings. Therefore, [2]Pursuant to Federal Rule 8, the defendant is admitting to discriminatory behavior/ by not denying the prima facie evidence the plaintiff addressed in her previous opposition on July 25, 2007 and admitted to several allegations in their answer complaint on June 1, 2007.

Plaintiff filed a motion for Summary Judgment on July 2, 2007, and based on the law, (A decision made on the basis of statements and evidence presented for the record without a trial. It is used when there is no dispute as to the facts of the case, and one party is entitled to judgment as a matter of law. Plaintiff should have Summary Judgment favored as well as the motion for 'Permanent Injunction" to prevent retaliation by defendant to have plaintiff gain employment immediately.

---

[1] A case in which the evidence presented is sufficient for a judgment to be made unless the evidence is contested.
[2] Federal Rule No. 8 - (d) Effect of Failure to Deny./ Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

RECEIVED
AUG 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

In the defendant's haste to have the complaint dismissed, due to their only defense, they are contradicting themselves repeatedly and behaving in a deceitful manner. Example: In the defendant's reply in support of motion for judgment, dated August 6, 2007, on the defendant first page they state that the plaintiff does not dispute that the court lacks supplemental jurisdiction on August 6, 2007. On the defendant's "Answer" dated, June 1, 2007, again see the first page, the defendant "admits" the court supports supplemental jurisdiction. The defendant states the untrue again when they state the plaintiff "does not dispute" throughout their motion dated August 6, 2007. The plaintiff denied each numbered argument with language. It is quite apparent that the defendant is leaning on deceit to argue their case instead of explanation or defense and their lack of integrity is in full view of the district court.

Obviously, the defendant is in violation of [3]Section 2000e-2(m) and the plaintiff's civil complaint should be granted for entitlement of relief to gain employment immediately. The defendant is in denial towards the violations stated under Title VII, and believe that their malicious and intentional behavior towards the African American ex-employee doesn't matter. The defendant lacks the ability to provide defense for the following discriminatory practices:

1. Failure to provide technical assistance for black employee as white employees.
2. Failure to address 3 internal complaints to Human Resources and President David Ward.
3. Failure to improve the unhealthy workplace area.
4. [4]Failure to investigate the allegations of "rude and unprofessional" behavior fabricated by fake personnel.
5. Failure to allow the plaintiff the standard 2 weeks of employment after submitting resignation.
6. Failure to provide practice for "kicking" employee off the premises on day of submitting the resignation.
7. Failure to provide standard job reference for employment of June 2006 to September 2006.
8. Failure to provide COBRA notice to dependents and plaintiff
9. Failure to explain reason for telling potential employers that plaintiff was "fired" after she "resigned".
10. Failure to provide timely Human Resources Orientation.
11. Failure to allow plaintiff to interview other candidates.
12. Failure to explain timeframe for issuing probation w/threat to terminate plaintiff after 3 internal complaints of discrimination.
13. Failure to explain retaliation for malicious behavior in preventing employment after plaintiff filed EEOC charge on December 15, 2006.
14. Failure to halt H.R. staff from providing negative references to potential employer.

---

[3] (m) Except as otherwise provided in this title, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.

[4] An employer should investigate every employee complaint. A failure to do a minimum investigation indicates that the employer did not take the complaint seriously, which may permit the inference that the employer resented the complaint. A minimum investigation should include: An interview of the complaining employee, the accused employee and any witness. A reasonable conclusion about the validity of the complaint; and a response consistent with that conclusion.

2

> The court observed that the statue 2000e-2 (m) 'imposes no special [evidentiary] requirement and does not reference "direct evidence." Id., at 853. Accordingly, the court concluded that a "plaintiff may establish a violation through a preponderance of evidence (whether direct or circumstantial) that a protected characteristic played "a motivating factor." Id., at 853-854.

It is quite apparent the American Council on Education has violated 42U.S.C. 2000e-2 [703m], 2000e-3 [704a], 2000e-5[706] and has not read the Title VII, of the Civil Rights Act of 1964: ENFORCEMENT PROVISIONS SEC. 2000e-5. [Section 706]:   B) On a claim in which an individual proves a violation under section 2000e-2(m) of this title [section 703(m)] and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court- (i) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title [section 703(m)]

[5]The plaintiff is in dire need of the court to grant injunctive relief to prevent lack of income and personal misery in answering the defendant's biased pleadings that avoid all allegations and enjoy the pursuit to dismiss the complaint without any explanation of their discriminatory behavior.  In respect to Judge Bates, The plaintiff will deny everything mentioned in the defendant's response to prevent  reading of the same material and will argue new material of dismissal.

### 1. Motion to dismiss:

For a matter to survive a motion to dismiss the complaint must allege facts which, when assumed true, confer a judicially recognizable right to act. "The issue is not whether a [complainant] will ultimately prevail but whether the [complainant] is entitled to offer evidence to support the claims." York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2nd Cir. 2002) (quoting Schever v. Rhodes, 416 U.S. 232, 236 (1974).

**Plaintiff has evidence to submit during discovery/ trial vs. pleadings**.

- Plaintiff has evidence that white staff were promoted and transferred when complained.
- Plaintiff has evidence that black staff was put on probation with threat to terminate when complained about lack of technical support.
- Plaintiff has evidence of retaliation after EEOC complaint
- Plaintiff has evidence of discrimination and negative job references.
- Plaintiff has evidence of job references highly recommend plaintiff for employment.
- Plaintiff has evidence that defendant slandered plaintiff's reputation to potential employers.
- Plaintiff has witnesses for trial that received the "rude and unprofessional" defamation of character analysis which was intentional to ruin the reputation and career of the plaintiff.
- Plaintiff can prove that she was not "rude and unprofessional."

---

5 Title VII, the Civil Rights Act of 1964, An Act:   To enforce the constitutional right to vote, to confer jurisdiction upon the district courts of the United States to provide injunctive relief against discrimination in public accommodations, to authorize the attorney General to institute suits to protect constitutional rights in public facilities and public education, to extend the Commission on Civil Rights, to prevent discrimination in federally assisted programs, to establish a Commission on Equal Employment Opportunity, and for other purposes.  Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That this Act may be cited as the "Civil Rights Act of 1964".

- Plaintiff has witnesses that can acknowledge good working relationship with staff.
- Plaintiff has witness that can prove she was discriminated against after submitting resignation.
- Plaintiff has witness that the defendant said she was "fired" instead of "resigned".
- Plaintiff has witness to testify that no other employees were interviewed for Office Assistant.
- Plaintiff has evidence that Wadlington was favored and not disciplined by H.R

In ruling on a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded allegations of fact. The court must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) citations omitted).

In evaluating the motion, the complainant's allegations and evidence must be accepted as true and interpreted in a light most favorable to the complainant and every reasonable inference is to be drawn in his favor; New England Savings Bank v. Bedford Realty Corp., 246 Conn. 594, 608 (1998); and "[e]very presumption favoring jurisdiction shall be indulged." Conn. Light & Power Co. v. Costle, 179 Conn. 415, 421 (1980).

Kulish v. Arroyo, Velez, Dept. of Motor Vehicles, dismissal is appropriate when it "appears beyond doubt that [the complainant] can prove no set of facts in support of [his] claim which would entitle [him] to relief." Calderon and Sarton v. State of Connecticut, Department of Corrections, et al. 3:04 DV 1562 (JCH).

The defense is pleading on dismissal instead of explaining the reason of discrimination under the [6]burden of proof in refuting the allegations of the complaint of discrimination and retaliation behavior towards the African American ex-employee. The defense ignored the "prima facie" evidence addressed in plaintiff's opposition on July 25, 2007.

It should be obvious to the court that The American Council on Education is in denial of violation of Title VII, the Civil Right Act of 1964. The American Council on Education and their defense lawyers, in my belief has shown the court their full-blown prejudice not only to the plaintiff, but to humanity. Their lack of respect for the plaintiff's rights as an African American human being is in comparison to the behavior of whites before Abraham Lincoln freed the slaves. The American Council on Education and their defense lawyers are deliberately prejudice. The defense state throughout all of their pleadings that the plaintiff is "not entitled" and has "no rights" by further pleading for the court to dismiss the complaint without respect to "EEOC Right to Suit, or the Retaliation charge and the evidence in my possession for the trial.

---

[6] In the common law, burden of proof is the obligation to prove allegations which are presented in a legal action. More colloquially, burden of proof refers to an obligation in a particular context to defend a position against a prima facie other position.

4

### 2. Argument on failure to state a cause of action under Title VII.

A civil complaint can have cause of action under Title VII not withstanding EEOC determination of no reasonable cause. It is quite evident that the defendant has not read "Title VII of the Civil Rights Act of 1964". The plaintiff did state a cause of action under Title VII – 42 U.S.C. 1981 (b) (1) – See Exhibit (1) Fax to Ellen Cohen.

Courts will not dismiss a complaint in which the plaintiff has a legal basis for a claim but has made a technical error that renders the complaint invalid. In such a case, courts allow the petitioner to amend the complaint.)

### Title VII of the Civil Rights Act of 1964/UNLAWFUL EMPLOYMENT PRACTICES/SEC. 2000e-2.
[Section 703] (a) It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin. (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

(m) Except as otherwise provided in this title, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.

### 3. Argument on Lack of supplemental jurisdiction:

(a.) In assistance to the defendant, the below language was addressed in Plaintiff's complaint on May 10, 2007. This is a claim for violation of Title VII of the Civil Rights Act of 1964 and for defamation. "Jurisdiction over the Title VII claim exists under 28 U.S. C. Sections 1331 and 1337." This court has supplemental jurisdiction over the claim for "Defamation." Venue is proper in this court. Adverse Action, Constructive Discharge, Retaliation and Workplace Discrimination are noted for proper concern in this court.

TITLE 28--JUDICIARY AND JUDICIAL PROCEDURE, PART IV--JURISDICTION AND VENUE, CHAPTER 85-DISTRICT COURTS; JURISDICTION

Sec. 1367. Supplemental jurisdiction/(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. (b) In any civil

action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Title VII "Civil Rights Act of 1964".

Act: To enforce the constitutional right to vote, to confer jurisdiction upon the district courts of the United States to provide injunctive relief against discrimination in public accommodations, to authorize the attorney General to institute suits to protect constitutional rights in public facilities and public education, to extend the Commission on Civil Rights, to prevent discrimination in federally assisted programs, to establish a Commission on Equal Employment Opportunity, and for other purposes.

g) The Commission shall have power-6) to intervene in a civil action brought under section 2000e-5 of this title [section 706] by an aggrieved party against a respondent other than a government, governmental agency or political subdivision.

(3) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28 [of the United States Code], the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought

**4. Argument - Plaintiff did not answer order by July 25, 2007** – (See Exhibit J) Judge Bates signed court order. The defendant states the untrue when they claim the court gave the plaintiff an extended deadline. The court should take note of the deceitful character of the defense to have my complaint dismissed on falsehoods which defame the court. The defendant is dishonest when they refuse to witness the deadline of July 25th, which was honored by the plaintiff. The defendant is corrupt to demand the plaintiff's case dismissed when the plaintiff acted in respect towards the court by filing her response which date was stamped by the court on July 25, 2007. The defense should be fined/penalized for defaming the court and the fine should be paid to the unemployed plaintiff who is suffering from the malicious and intentional harm of defaming by the defendant as well.

6

**5 Argument on failure to exhaust administrative remedies**. For the benefit of the defendant, the plaintiff will refer to the exhibits submitted in previous pleadings. All EEOC charges and copies of intake forms, and complaints to H.R. have been submitted. The discrimination and lack of technical assistance is discussed in the intake discussion and should be on the notes of the intake counselor. I have requested the material from my file, should have in time for discovery/trial. EEOC does not have to make ACE aware of the intake form, only the typewritten charge. I am sure the court knows the specifications of the EEOC, while the defendant plays dim-witted. EEOC is a reputable commission and if they typed a charge, they mailed it.

**6. Argument to dismiss my case.**

Pursuant to Federal Rule 8 – General Rules of Pleadings: (f) Construction of Pleadings, all pleadings shall be so construed as to do substantial justice. In their argument on failure to state a claim: "A complaint may not be dismissed on motion if it states some sort of claim, baseless though it may eventually prove to be, and inartistically as the complaint may be drawn. "A complaint will not be dismissed for failure to state a claim, even though inartistically drawn and lacking in allegations of essential facts, it cannot be said that under no circumstances will the party be able to recover." JOHN EDWARD CROCKARD VS. PUBLISHERS, SATURDAY EVENING POST MAGAZINE OF PHILADELPHIA, PA (1956) Fr Serv 29, 19 F.R.D. 511, DCED Pa 19 (1958

**7. Defendant claims Wadlington, office assistant as "her" assistant.**

Plaintiff provided no other candidates for HED staff to interview, due to the favoritisms in the H.R. Department connected to Phyllis Goodwin. I was forced to supervise Wadlington, because she was black and immature. The H.R. department did not forward any other candidates or resumes for interviewing panel at HED. (See Exhibit A) Plaintiff informed Christine Morfit that Wadlington was immature and unprofessional in the interview and suggested we interview mature candidates, but the advice was ignored. All complaints were ignored by Human resources and Wadlington was not disciplined, while her supervisor was. No normal employee (supervisor) would work under these forced conditions. I

7

resigned under constructive discharge **with several other discriminatory factors** totaling the neglect by the defendant.

Conclusion:

Every aspect of the defendant's argument to have the plaintiff's complaint dismissed is against several Federal and Civil rules.

- Constructive Discharge – The employee was kicked out of the office on November, 6, 2006. The plaintiff was ignored and nothing was done by the defendant to improve her working conditions but probation with threat to terminate. Any normal person would have resigned under pressure.

- Retaliation - Retaliation took place during and before employment. The defendant admits to not giving the plaintiff a job reference. This is not done to other employees that resign. The defendant also gave potential employers that the plaintiff was fired instead of resigned. What employer would hire the planitff?

- Discrimination – The defendant did nothing to assist the African American employee as did the white employees who did not receive technical support. The plaintiff did not receive orientation as did other white employee and the plaintiff received no support from Human Resources or the Help Desk.

- Defamation - Damages should be awarded the plaintiff for the simple law of libel and slandering of the plaintiff's reputation in her career. The plaintiff had a good work reputation before working at ACE.

- Administrative Remedies - Plaintiff filed 3 complaints with Human Resources and filed all charges in a timely manner with the EEOC. It is a positive glory for the pro se plaintiff that this complaint cannot be dismissed on a convenient technicality.

- The court has supplemental jurisdiction over the defamation claim as stated on May 0, 2007, the plaintiff has stated a claim. Information needed from the EEOC can be provided during discovery. The plaintiff has exhausted all administrative remedies by filing EEOC charges by proof of the Right-to-suit

8

- The constructive discharge is quite evident by the approval of employment benefits being exhausted after plaintiff was forced off the premises when she resigned on November 27, 2007, but was thrown out on November 6, 2007. The district court has jurisdiction over EEOC. The order was respected by July 25, 2007.

1. The American Council on Education's refusal to respond or answer employment inquiries concerning the plaintiff's is in retaliation for her filing charges with the EEOC alleging violations of title VII.
2. As a result of the intentional, malicious, reckless and willful acts of retaliation by the American Council on Education, the plaintiff has suffered damage to her reputation, loss of income, emotional distress, mental anguish, humiliation, and pain and suffering.
3. The plaintiff request a trial by jury.
4. The plaintiff seeks recovery of actual damages, including front and ask pay, compensatory damages and punitive damages.

_____    Aug 23 2007
Jacqueline T. Robinson-Reeder
2140 Brook Drive, #421
District Heights, MD
301-967-1092

## Certificate of Service

I hereby certify that on August 20, 2007, the reply to defendant's motion for judgment on pleadings was mailed to the defendant.

*[signature]*
Jacqueline T. Robinson-Reeder
Plaintiff


Mailed to:
Christine N. Kearns
Pillsbury Withrop Shaw
2300 N Street, NW.
Washington DC  20037
202-663-8000

*Note to court: Plaintiff's MEDA Claim during offer of defendant's Settlement on Complaint*            EXHIBIT I

*NOTE FOR REVIEW: Plaintiff faxed this to defendant on June 26, 2007 after defendant offered Job Reference and point of contact to prevent lack of employment.*

June 26, 2007

To:         Ellen Cohen, - Fax (202)-663-8007
            Pillsbury Winthrop, Shaw Pittman, LLP

From:       Jacqueline T. Robinson-Reeder

Subject:    Settlement for Civil Case – 07-0880

Title 42 – Damages in cases of intentional discrimination in employment Section 1981a.

   (3) The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party –

(b) in the case of a respondent who has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current preceding calendar year, $100,000.00.

In my research of cases decided by the U.S. District court in favor of the plaintiff under Title VII of the Civil Rights Acts of 1964, the amount awarded has been in the range of $100,000.00 to $150,000.00.

My case of *Retaliation, Discrimination, Adverse Action and Constructive Discharge* has caused severe financial distress for me. The settlement in this case should be geared towards making the plaintiff "feel whole" as if the discrimination did not occur. I am not sure if I will be able to find employment at the salary I was making. I have been unemployed for so long and I have exhausted all of the job opportunities in companies and the government that were ideal for my experience as an Executive Assistant in the "education field."

I truly don't know where to start to look for employment and have found temporary employment that is not at all enjoyable to my career path and the highest amount a temporary employee can make is $17.00 per hour. I was making $27.44 per hour before being forced to resign at ACE. Therefore, I am seeking my yearly salary at $49,000.00 per year, for 2006 and 2007. Praying that I find employment soon.

My life has been very stressful due to this case and experiencing depression, my husband and I filed for divorce. We argued amount bills constantly and my lack of finding employment at the salary our household was accustomed to, caused frustration that love just couldn't survive. So, I am really sad, in addition to caring for my son and providing for his tuition at Bowie State University, I need more than a letter of reference for a job. I truly need a little financial stability at this time in my life.

Ellen, regardless of the outcome of my case, I appreciate your nice personality during this ordeal, honestly you made my stomach feel very good at the meeting, I had to resist giving you a hug.

Thanks for all of your assistance, I wish you joy and happiness in your life!

*Jackie* [signature]

EXHIBIT II

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 0 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JACQUELINE T. ROBINSON-REEDER,

Plaintiff,

v.

AM. COUNCIL ON EDUC.,

Defendant.

Civil Action No. 07-0880 (JDB)

## INITIAL SCHEDULING ORDER

Pursuant to the initial scheduling conference held on this date, the Joint Rule 16.3 Report submitted by the parties, and the entire record herein, it is this 5th day of July, 2007, hereby

**ORDERED** that the parties shall have until July 25, 2007, to amend the pleadings and join additional parties without further leave of the Court. The Court will issue a separate order setting a discovery and dispositive-motions schedule once the pending motions for judgment on the pleadings and for summary judgment have been resolved.

Based upon the agreement of the parties, it is further **ORDERED** that this case is hereby **REFERRED** to **MEDIATION** to commence forthwith and to conclude by not later than October 5, 2007. In accordance with LCvR 84.8, counsel and the parties, including persons with settlement authority, are directed to attend the mediation sessions. The Clerk of the Court shall furnish a copy of this Order to the Circuit Executive's Office for purposes of arranging mediation and assigning a mediator. The parties shall promptly notify the Court if the case settles in whole

1

or in part.

**SO ORDERED**.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

2

EXHIBIT "A"

## Jackie Robinson-Reeder

| | |
|---|---|
| **From:** | Goodwin, Phyllis [phyllis_goodwin@ace.nche.edu] |
| **Sent:** | Tuesday, October 10, 2006 2:02 PM |
| **To:** | Robinson-Reeder, Jackie |
| **Subject:** | LaTisha Wadlington |

Aug 23.07
NOTE TO COURT:

I DID not want to hire this person. She was unprofessional in the interview and very immature. Goodwin hired her anyway and later

Hi Jackie,

Following up on our conversation of this morning, LaTisha will start on Monday, October 16.

She has pre planned vacation that she would like to take the dates she will be off are October 20, December 15 and December 18 and January 3. She will not have accured enough leave, so it will be leave without pay.

Please let me know if you have any question.

Thanks

Retaliated against Supervisor who complained about behavior problems.

Phyllis A. Goodwin
Human Resources Associate
American Council on Education
One Dupont Circle, NW
Suite 610
Washington, DC 20036
(202) 939-9749; (202) 785-8742 (Fax)


Scanned for viruses and Spam by the MessageLabs SkyScan(TM) service

Scanned for viruses and Spam by the MessageLabs SkyScan(TM) service


10/16/2006

Exhibit "A"

# Jackie Robinson-Reeder

**From:** Goodwin, Phyllis [phyllis_goodwin@ace.nche.edu]
**Sent:** Monday, September 11, 2006 1:35 PM
**To:** Morfit, Christine; Gore, Jane
**Cc:** jrobinson-reeder; Duval, Jeanne-Marie; Wagner, Anthony
**Subject:** RE: Latisha and Office receptionist position

Christine, if everyone feels that she should move forward, she will meet with you and Coleen.

I looked at other resumes that have come in since the reposting and none at this point have the access database experience which I thought was importance component of this position. In the meantime, I don't want to lose a good candidate, therefore, I suggest we continue to move along the process with Latisha if everyone agrees. The next steps would be for her to meet with Coleen and Christine to get their input.

I will continue to look at resumes and pass along the ones that meet the requirements for the positions and schedule interviews for those candidates that are identified.

I have only heard from Jane, I would like to have input from everyone else that interviewed Latisha.

Thanks

-----Original Message-----
From: cmorfit@hedprogram.org [mailto:cmorfit@hedprogram.org]
Sent: Monday, September 11, 2006 12:50 PM
To: Gore, Jane; Goodwin, Phyllis
Cc: jrobinson-reeder; Duval, Jeanne-Marie; Wagner, Anthony
Subject: RE: Latisha and Office receptionist position

Jane

Iwant to interview the person for the office position.

Christine

-----Original Message-----

From: "JGore" <jgore@hedprogram.org>
Subj: RE: Latisha and Office receptionist position
Date: Mon Sep 11, 2006 12:10 pm
Size: 1K
To: "Goodwin, Phyllis" <phyllis_goodwin@ace.nche.edu>
cc: "Christine Morfit" <cmorfit@hedprogram.org>,
"jrobinson-reeder" <jrobinson-reeder@hedprogram.org>, "Duval, Jeanne-Marie" <jduval@hedprogram.org>, "Wagner, Anthony" <twagner@hedprogram.org>

RE: Latisha and Office receptionist positionPlease check with the other persons at HED. Are we interviewing any other candidates? Otherwise, we make the decision based on a sample of one?

Jane

---

*Handwritten annotations:*

Aug 23-07
NOTE TO COURT:
Wadlington only person interviewed. Staff and Supervisor was forced to hire this person due to favoritism in Human Resources.
- Explanation for not providing Supervisor any assistance when Wadlington behaved disrespectful to staff.

Note: Wadlington only person interviewed. Staff and Supervisor requested more candidates to interview. Due to relation with H.R. request favoritism reported was denied.

VAL
202-349.86



NRI Accounting Resources
NRI Technology Solutions
NRI Staffing Resources
NRI Legal Resources
NRI HealthCare

**EMPLOYEE TIMESHEET**

Employee Name: Jacqueline Robinson-Reeder   Company Name: Higher Education for Development

I certify that I have worked the number of hours listed on this timesheet.
Employee Signature: Jacqueline H. J. Reeder

8/3/07

Note: Plaintiff should receive a reference for this time of work as temporary ~~was hired as permanent employee~~
Sgd.

**Employee Instructions:**
- Round off your hours to the nearest quarter hour
- This timesheet must be signed by your supervisor in order to get paid
- Please be sure to fill out this timesheet completely, with your name, the company name and dates worked
- Turn in the timesheet to our office no later than the close of business Monday
- Timesheets must be returned within 3 weeks or no check will be issued

| Day | Date | Time In | Time Out | Less Lunch | Total Hours |
|---|---|---|---|---|---|
| Monday | 7/17 | 9:00 | 5:00 | 1 | 7 |
| Tuesday | 7/18 | 9:00 | 5:00 | 1 | 7 |
| Wednesday | 7/19 | 9:00 | 5:00 | 1 | 7 |
| Thursday | 7/20 | 9:00 | 5:00 | 1 | 7 |
| Friday | 7/21 | 10:30 | 5:00 | 1 | 6.5 |
| Saturday | | | | | |
| Sunday | | | | | |
| | | | | Total Hours | 33.5 |

**Fax Numbers**
- ☐ Rockville     202-349-8677
- ☐ Annandale  202-349-8635
- ☐ Reston       202-349-8655
- ☒ 15th Street  202-349-8631
- ☐ L Street      202-349-8616
- ☐ Linthicum   410-850-5263

**Distribution of Check:**

Mail _____

Direct Deposit _____

Pick up at Office indicated above ✓

**CLIENT AGREEMENT**

In consideration for the services provided to us by NRI, we (CLIENT) hereby agree as follows:

1. By approving this timesheet, CLIENT agrees that the NRI temporary employee (EMPLOYEE) worked the hours indicated and performed satisfactorily, and that we agree to pay NRI's invoice for these hours according to the previously determined hourly rate.

2. NRI has incurred substantial recruiting, screening and administrative expenses in connection with the temporary employees assigned to CLIENT. CLIENT agrees to not hire NRI's EMPLOYEE as an employee of CLIENT or transfer EMPLOYEE to become the employee of another staffing service without prior notification to NRI, and compliance with the terms and conditions below:

   A. If CLIENT desires to hire EMPLOYEE on a permanent basis, CLIENT agrees to adhere to the terms set forth in the "NRI-Terms & Guarantee" document provided. They must either work the specified number of hours as outlined in the document or, in the alternative, CLIENT may immediately hire EMPLOYEE by paying the NRI placement fee also detailed in NRI's "Terms & Guarantee" document. CLIENT acknowledges receipt of NRI's "Terms & Guarantee" document.

   B. CLIENT agrees that they will not hire any employee within 6 months of the completion of an assignment without notifying NRI and following the terms and conditions as outlined in "A" above.

3. CLIENT shall not modify the duties of EMPLOYEE from those that were originally provided to NRI without NRI's express authorization. CLIENT will not permit EMPLOYEE to operate vehicles, equipment other than standard office equipment, nor to handle cash, credit cards or other valuables without NRI's express authorization. CLIENT agrees to exercise reasonable oversight of the workplace to minimize the opportunity for any occurrence of theft, incurrence of unauthorized expenses or damage in the workplace.

CHRISTINE MORAT
CLIENT NAME (Please Print)

Christine A. Morat
CLIENT SIGNATURE

Department _____   P.O. # _____