**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JACQUELINE ROBINSON-REEDER,           )<br>                                                             )<br>                         Plaintiff,             )<br>                                                             )<br>        vs.                                              )<br>                                                             )<br>AMERICAN COUNCIL ON EDUCATION,  )<br>                                                             )<br>                         Defendant.          )<br>                                                             ) | Case: 1:07-cv-00880 (JDB)<br><br>ELECTRONICALLY FILED |

**DEFENDANT'S MOTION TO DISMISS
<u>AMENDED COMPLAINT</u>**

Defendant American Council on Education ("ACE") respectfully moves pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of Plaintiff Jacqueline Robinson-Reeder's Amended Complaint, which asserts a claim of common-law defamation.  On January 29, 2008, this Court dismissed Ms. Robinson-Reeder's original Complaint in its entirety, permitting her to file an Amended Complaint for the sole purpose of pleading an independent basis of jurisdiction for her common law defamation claim.  The Court simultaneously dismissed Ms. Robinson-Reeder's flurry of pending motions as moot.  In response, Ms. Robinson-Reeder filed an Amended Complaint that expanded the factual allegations of the defamation claim without leave to do so.

The facts pled in the original Complaint fail as a matter of law to state a claim for defamation.  Even if ACE made the so-called defamatory statements about Ms. Robinson-Reeder to prospective employers, ACE's alleged statements are protected by a qualified privilege.  Ms. Robinson-Reeder has not pled that ACE acted with malice, which is necessary to defeat the privilege.  The (albeit improper) new allegations in the Amended Complaint do not cure this fatal

defect. The Amended Complaint and its defamation claim should, therefore, be dismissed without leave to amend.

I. **BACKGROUND**

The Court has had ample opportunity to become familiar with the factual background and procedural history of this case through the many motions previously filed. In summary, Ms. Robinson-Reeder filed her original Complaint on May 10, 2007 (Dkt. No. 1), alleging that ACE, her employer for less than two months, retaliated and discriminated against her on the basis of race in violation of Title VII. Complaint ¶ 1.[1] A primary allegation in the original Complaint was that ACE's Executive Director unjustly placed Ms. Robinson-Reeder on a 30-day probation after receiving multiple complaints from ACE staff members about her rude behavior. *Id*. ¶ 2. Ms. Robinson-Reeder also alleged that since her resignation, ACE has defamed her by giving negative references to prospective employers. *Id*. ¶ 8. The original Complaint contains only one reference to ACE's allegedly defamatory behavior: "Several employment agencies checked for references from H.R. at ACE and were informed that I was 'fired' or received a negative reference preventing me from gaining employment." *Id*.

ACE filed its Answer on June 1, 2007 (Dkt. No. 3), denying all allegations of defamation and unlawful discrimination and retaliation. ACE filed a Motion for Judgment on the Pleadings on June 29, 2007 (Dkt. No. 8), requesting that the Court dismiss the case in its entirety. On January 29, 2008, the Court issued a Memorandum Opinion and Order granting ACE's motion, dismissing Ms. Robinson-Reeder's disparate treatment and retaliation claims, and denying all other pending motions as moot (Dkt. Nos. 34 & 35).[2]

---

[1] The original Complaint did not contain numbered paragraphs. For ease of reference, ACE has cited to the Complaint as if the paragraphs were sequentially numbered.

[2] Ms. Robinson-Reeder had filed a Motion for Summary Judgment (Dkt. No. 9), which she amended (Dkt. No. 10); a Motion for Permanent Injunction (Dkt. No. 14); a Motion for Default Judgment (Dkt. No. 15); and a Motion for Preliminary Injunctive Relief to Halt Irreparable Harm (Dkt. No. 28), which she amended (Dkt. No. 31).

In its January 29, 2008 Order, the Court permitted Ms. Robinson-Reeder to amend her defamation claim for the limited purpose of asserting a proper basis for federal jurisdiction: "[T]he Court will dismiss plaintiff's defamation claim if an amended complaint asserting that claim and a proper independent basis for federal jurisdiction is not filed within 20 days." Ms. Robinson-Reeder filed an Amended Complaint on January 19, 2008 (Dkt. No. 36), within the deadline established by the Court.

Ms. Robinson-Reeder's Amended Complaint does more than permitted by the Court and improperly attempts to expand her original allegations of defamation. She now claims that ACE also informed potential employers that (1) Mrs. Robinson-Reeder was "rude and unprofessional"; and that (2) Mrs. Robinson-Reeder filed a charge of discrimination against ACE with the U.S. Equal Employment Opportunity Commission ("EEOC"). Amended Complaint ¶ 3.[3] The Amended Complaint further states that ACE "has abused their qualified privilege by a reckless act, which shows a disregard for the plaintiff's rights, including the failure to properly investigate the truth of the matter and by informing potential employers that plaintiff filed 'EEOC charge.'" *Id*. ¶ 11.[4]

## II.   STANDARD OF REVIEW

As this Court has previously explained in dismissing Ms. Robinson-Reeder's original Complaint:

> Although detailed factual allegations are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the grounds of entitlement to relief, a plaintiff must furnish more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Instead, the complaint's factual allegations must

---

[3] The Amended Complaint did not contain numbered paragraphs. For ease of reference, ACE has cited to the Amended Complaint as if the paragraphs were sequentially numbered.

[4] In addition to re-pleading her defamation claim, Ms. Robinson-Reeder's Amended Complaint repeats the Title VII retaliation claim that the Court has already dismissed, and also includes (false) allegations that ACE failed to mail a required COBRA notice. As discussed below, the Court did not grant leave to re-plead or add new claims, and they are not properly before the Court.

> be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . . [T]he threshold requirement of Fed. R. Civ. P. 8(a)(2) is that the plain statement [of the claim] possess enough heft to show that the pleader is entitled to relief.

*Robinson-Reeder v. Am. Council on Educ.*, Civ. No. 07-0880 (JDB), 2008 U.S. Dist. LEXIS 5979, at *8-9 (D.D.C. Jan. 29, 2008) (internal citations and quotations omitted).

Ms. Robinson-Reeder's status as *pro se* plaintiff does not relieve her of her burden to state a legally cognizable defamation claim. While courts generally hold the pleadings filed by *pro se* litigants to "less stringent standards than formal pleadings drafted by lawyers" (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)),

> [a] pro se complaint, like any other, must present a claim upon which relief can be granted by the court. And, liberal as these pleading standards may be, the district court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations."

*Henthorn v. Dep't. of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (affirming Rule 12(b)(6) dismissal of *pro se* plaintiff's claim) (quoting *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) and *Kowal v. MCI Commc'n. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (internal citations and quotations omitted).

### III. ARGUMENT

#### A. Ms. Robinson-Reeder is bound by the factual allegations in her original Complaint.

Federal Rule of Civil Procedure 15 states that a party may amend its pleading once as a matter of course before being served with a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."[5] Ms. Robinson-Reeder filed her Complaint on May 10, 2007, and ACE filed its Answer on June 1,

---

[5] In addition, the Local Rules of this Court provide specific requirements for the content of a motion for leave to amend (LCvR 15.1), which were never followed by Ms. Robinson-Reeder.

2007. ACE has not consented to an amendment. The only avenue permitting Ms. Robinson-Reeder to amend her Complaint is, therefore, by leave of Court.

On January 29, 2008, the Court permitted Ms. Robinson-Reeder to amend her defamation claim for the limited purpose of asserting a proper basis for federal jurisdiction. The Court did not grant Ms. Robinson leave to re-plead her defamation claim or to add new claims. This Court routinely limits the basis for amendment.[6] Therefore, Ms. Robinson-Reeder is limited to the factual allegations of defamation presented in the original Complaint.

### B. The Complaint fails to allege malice, which is necessary to defeat the qualified privilege for job references.

To state a claim for defamation under District of Columbia law, a plaintiff must show: (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm. *Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 858 (D.C. Cir. 2006) (affirming summary judgment for employer on former employee's defamation claim based on common interest privilege), *cert. denied*, 127 S. Ct. 1140 (2007) (citing *Beeton v. District of Columbia*, 779 A.2d 918, 923 (D.C. 2001)). As this Court has recognized, "[a] necessary element to the [p]laintiff's legally sufficient claim is the absence of a privilege. Privilege is a complete defense to defamation, the existence of which would compel the Court to grant the [d]efendants' motion to dismiss the defamation claim." *Alexander v. Evans-Afflick*, Civ. No. 92-2834 (TFH) (PJA), 1993 U.S. Dist. LEXIS 16425, at *17 (D.D.C. Nov. 18, 1993) (dismissing

---

[6] *See Wyatt v. Syrian Arab Republic*, 362 F. Supp. 2d 103, 117 (D.D.C. 2005) ("Aside from inserting the relevant law and making any changes to reflect the dismissed defendants, the plaintiffs may not otherwise modify the complaint"); *see also Lindsey v. United States*, 448 F. Supp. 2d 37, 63 (D.D.C. 2006) (permitting *pro se* plaintiffs to amend their complaint "for the sole purpose" of asserting facial challenge to statute and stating, "the plaintiffs may not amend their complaint in any other respect or add any additional claims to their complaint").

defamation claim because defendants' statements were privileged). Whether or not a communication is privileged is a question of law for the Court. *Id*.

Former employers who give job references to prospective employers are protected by a qualified privilege known as the common interest privilege. "The qualified privilege serves an important public function in the employment context. Without the privilege, references would be even more hesitant than they already are to provide candid evaluations of former employees. In order to overcome the qualified interest privilege, the plaintiff must show that the statements were made with malice." *Hargrow v. Long*, 760 F. Supp. 1, 2 (D.D.C. 1989) (holding that plaintiff could not defeat the qualified privilege of former employer who gave negative job reference) (citing *Ford Motor Credit Co. v. Holland*, 367 A.2d 1311, 1313 (D.C. 1977)). Further,

> Once the court determines a statement is subject to the "common interest" privilege, the defendant "will be presumed to have been actuated by pure motives in its publication. In order to rebut this presumption, express malice or malice in fact must be shown by the plaintiff." Unless the statement itself is "so excessive, intemperate, unreasonable, and abusive as to forbid any other reasonable conclusion than that the defendant was actuated by express malice," malice must be proven by extrinsic evidence.

*Moss v. Stockard*, 580 A.2d 1011, 1024 (D.C. 1990) (quoting *Ford Motor Credit*, 367 A.2d at 1314). As the Court of Appeals for this Circuit has noted,

> District of Columbia law sets a high standard for establishing malice sufficient to defeat the protections of the common interest privilege. Malice is defined as the doing of an act without just cause or excuse, with such a conscious indifference or reckless disregard as to its results or effects upon the rights or feelings of others as to constitute ill will. But even a showing of ill will does not forfeit the privilege so long as the *primary* purpose is to further the interest which is entitled to protection.

*Mastro*, 447 F.3d at 859 (emphasis in original) (internal citation and quotations omitted).

The sole allegation of defamation in Ms. Robinson-Reeder's original Complaint is that "Several employment agencies checked for references from H.R. at ACE and were informed that I was 'fired' or received a negative reference preventing me from gaining employment." Compl. ¶ 8. The original Complaint makes no reference to malice whatsoever, and fails to allege any ill will at all.

Indeed, given the facts pled, Ms. Robinson-Reeder could never plead malice. In *Woodfield v. Providence Hosp.*, 779 A.2d 933 (D.C. 2001), the plaintiff brought a defamation claim based on her former supervisor's statement to a prospective employer that the plaintiff did not receive any promotions because of her poor performance. The supervisor's statements were based on personal experience. As part of the plaintiff's performance appraisal, the supervisor concluded that "in four of the six areas evaluated, [plaintiff's] performance either needed improvement or did not meet the standard" and that the plaintiff "received written warnings for her violation of a standard of employee conduct . . . ." *Id*. at 939. The court held that the plaintiff failed to show malice sufficient to defeat the employer's qualified privilege. The court noted that the former supervisor's statements regarding the plaintiff's poor performance "were consistent with her personal experience." *Id*.

Any alleged "negative references" in Ms. Robinson-Reeder's case would likewise be based upon the Executive Director's documented assessment of Ms. Robinson-Reeder's rude behavior, as alleged in the original Complaint. Compl. ¶ 2. *See also Hargrow*, 760 F. Supp. at 2-3 (The former supervisor's statement to prospective employer "was made on the basis of her knowledge of plaintiff's work and the circumstances surrounding his departure. She believed her statements to be true. Therefore, her statements were not knowingly false nor made in bad faith or reckless disregard of the truth."); *Stith v. Chadbourne & Parke, LLP*, 160 F. Supp. 2d 1, 10 (D.D.C. 2001) (denying plaintiff's motion to amend complaint to add defamation claim because

7

"[p]laintiff has failed to allege any facts to support a claim of malice, and the acknowledged facts overwhelmingly support the conclusion that the defendant acted in good faith," therefore amendment would be futile because it could not withstand motion to dismiss).

> C. **Even Ms. Robinson-Reeder's improper attempt to re-plead the defamation claim fails.**

The defamation claim in the Amended Complaint is based on two new allegations: (1) that ACE told prospective employers that Ms. Robinson-Reeder was "rude and unprofessional"; and (2) that ACE told prospective employers that Ms. Robinson-Reeder filed an EEOC charge.[7] Amended Compl. ¶ 3. The statement that Ms. Robinson-Reeder filed an EEOC charge is not defamatory; it is true. Numerous prior filings in this case have attached copies of Ms. Robinson-Reeder's December 15, 2006 EEOC Charge. "In defamation law, it is often said that truth is an absolute defense . . . ." *Moss*, 580 A.2d at 1022; *see also Woodfield*, 779 A.2d at 938 ("truth is an absolute defense in defamation law"). The only new allegation of defamation in the Amended Complaint, therefore, is that ACE informed potential employers that Ms. Robinson Reeder was "rude and unprofessional." Ms. Robinson-Reeder has once again failed in her Amended Complaint to plead malice, nor can she do so as a matter of law.

The Amended Complaint does not mention "malice" or anything close to the "high standard for establishing malice sufficient to defeat the protections of the common interest privilege." *Mastro*, 447 F.3d at 859. Rather, Ms. Robinson-Reeder states that ACE "abused their qualified privilege by a reckless act." Amended Complaint ¶ 11. Ms. Robinson-Reeder alleges only two specific "reckless" actions: (1) ACE failed to properly investigate the claims of rudeness lodged against Ms. Robinson-Reeder by her coworkers at ACE; and (2) ACE informed potential employers that Ms. Robinson-Reeder filed an EEOC charge. *Id*. As discussed above,

---

[7] In the Amended Complaint, Ms. Robinson-Reeder continues to maintain that ACE told prospective employers she was fired.

the statement that Ms. Robinson-Reeder filed an EEOC charge is not defamatory; it is true.  The sole remaining allegation, that ACE failed to properly investigate charges of Ms. Robinson-Reeder's rude and unprofessional behavior, is insufficient to meet her burden of pleading malice.

The District of Columbia Court of Appeals decision in *Moss* is instructive.  In *Moss*, a university basketball coach was terminated as a result of the university's dissatisfaction over the coach's handling of funds disbursed to cover meals and other expenses during a three-day team trip.  *Moss*, 580 A.2d at 1014.  After the coach was discharged, a team meeting was held during which a university official stated that the coach had been terminated for misappropriation of funds.  *Id*. at 1016.  The plaintiff coach argued that the university official's statements were made without adequately investigating whether the misappropriation was true, and that this failure to investigate constituted malice sufficient to overcome any common interest privilege the official may have otherwise enjoyed.  *Id*. at 1017.  The District of Columbia Court of Appeals disagreed, holding that mere failure to undertake a reasonable investigation, without more, cannot constitute the malice necessary to overcome the qualified common interest privilege.  *Id*. at 1024-25.  The court held that demonstrating malice requires "more than ordinary negligence," and explained that

> failure to observe an ordinary degree of care in ascertaining the truth of an assertion before publishing it to others does not alone yield the bad faith or ill will necessary to overcome a qualified privilege.  Rather, the statement must be published with at least reckless or callous disregard for its effect upon the reputation of the plaintiff.

*Id*. at 1025.  *Moss* highlights the incurable inadequacies in the Amended Complaint.

## IV. CONCLUSION

For all of the foregoing reasons, the Amended Complaint should be dismissed for failure to state a claim of defamation, without leave to amend.

DATED: February 29, 2008
                                      Respectfully submitted,

/s/
Christine N. Kearns (No. 416339)
Julia E. Judish (No. 461630)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000

Counsel for Defendant
American Council on Education

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of February, 2008, the foregoing Defendant's Motion to Dismiss Amended Complaint was served via first-class postage-prepaid U.S. Mail on the following *pro se* plaintiff:

>Jacqueline Robinson-Reeder
>2140 Brooks Drive, #421
>District Heights, MD  20747

/s/
Christine N. Kearns

400767200v1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JACQUELINE ROBINSON-REEDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case: 1:07-cv-00880 (JDB) |
| ) | |
| AMERICAN COUNCIL ON EDUCATION, ) | ELECTRONICALLY FILED |
| ) | |
| Defendant. ) | |

## ORDER

This matter came before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint in the above-captioned action. After consideration of the Motion and supporting papers and the Opposition thereto, good cause having been shown, it is by this Court this _____ day of _____, 2008,

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint is hereby granted, and Plaintiff's defamation claim is dismissed without leave to amend.

_____
Judge John D. Bates

Copies to:

Christine N. Kearns
Julia E. Judish
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, NW
Washington, DC 20037

Jacqueline Robinson-Reeder
2140 Brooks Drive, #421
District Heights, MD 20747

400770340v1