*File on the public docket.*
*John D Bates*
*6/9/08*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Jacqueline T. Robinson-Reeder          )
Plaintiff                              )
                                       )
                                       )          **Civil Action: 07-0880 – (JDB)**
vs.                                    )
                                       )
                                       )
American Council on Education          )
Defendant                              )


## EX- PARTE MOTION TO SEAL MEMORANDUM OPINION


Plaintiff hereby moves for an order to seal the memorandum opinion dated January 29, 2008.  Plaintiff asks the Court to seal this case under the following grounds:

The memorandum is full of erroneous statements referring to the plaintiff's complaint on May 10, 2007.  The court further misrepresent the plaintiff in the memorandum as filing a racial and retaliation complaint against her previous employer as though the entire complaint was illegitimate in nature, therefore portraying the plaintiff as a devious rebel who will file an EEOC complaint without due cause against any employer.

The first of many and serious errors in the memorandum opinion is the language "the plaintiff requested a new software program for her computer, and she had difficulty in obtaining technical assistance for the installation."

The plaintiff did not request a new software program, but technical assistance with the improper installation on her computer.  The HED department requested the software program to install PeopleSoft on the Executive Assistant's computer, but failed to install it properly with the Citrix Metaframe to properly launch the PeopleSoft program from headquarter and neglected to provide technical support.   The PeopleSoft program is a necessity to complete vouchers to pay staff.  Even the defendant knows that this statement is false, because employee's are not allowed to request new software nor would the plaintiff pay or order the software program.  Therefore, this statement sets the tone for decisions to be granted on falsehoods and further implies to potential employers that the plaintiff is ridiculous in behavior.

The entire memorandum opinion is being appealed due to the fact the court erred in reading the complaint to intentionally favor the defendant.  No law was applied to favor the plaintiff.  Nor was any decision taken in accountability of the plaintiff's

RECEIVED

MAY 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

statements as being true, by further ignoring documented exhibits to validate the truth and the law. "The Right to Sue" relation to first complaint filed with the EEOC by law should be waived since both complaints filed at the EEOC are related. To grant a decision based on the absence of "The Right to Sue" by passing the waiver is favoring the defendant most highly. The "Right to Sue" will be rendered passed the 180 days because the EEOC has the charge now for over 365 days, and eventually the "Right-to-Sue" will be issued or some other means of action taken by the EEOC.

The decision based on "failure to exhaust administrative remedies" at the EEOC is false when the retaliation and race boxes were both checked by the plaintiff. The EEOC made the determination not to check the retaliation box on the typed formal charge. However, law has been decided on the "Intake questionnaire" as being valid enough to file a complaint in district court when the EEOC has conveniently set aside a complaint charge.

The court failed to refer to documented Exhibits. The memorandum opinion was highly favored by request of the defense, and the court gave reliance to grant every request by the defendant in the memorandum opinion. The court failed to find any law to rule in favor of the pro se plaintiff.

Therefore, the memorandum opinion is causing the plaintiff unjust and critical harm in undergoing a security clearance for employment when the plaintiff's name is searched under the Internet. Such errors in the memorandum opinion will halt a future employer from offering employment to such an individual as portrayed in this memorandum opinion.

The granting of the motion to seal the memorandum opinion will benefit the plaintiff to gain employment after being unemployed since her constructive discharge from the American Council on Education on November 6, 2006. Not granting the seal of the memorandum opinion in weight benefits the public access on the Internet and court documents to only critically injure the plaintiff by means of unemployment and not benefit the public or the defendant.

Though the courts recognize a general right to inspect and copy public records and documents, including judicial records, the Supreme Court has stated that this right is limited. "It is uncontested, however that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."

In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing: id. As the Ninth court has put it,

The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including,

but not limited to trade secrets or other confidential research, development, or commercial information. See Fed. R. Civ. P 26(c(7). Rule 26 (c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467.

The memorandum opinion is written to embarrass and portray the plaintiff in the most disadvantageous character to harm her outstanding reputation in her career. The memorandum opinion will cause the plaintiff oppression and a burden to gain employment. Plaintiff's prior motion to file permanent injunctive relief was made moot and ignored by the court causing the plaintiff to deteriorate financially with the defendant continuously defaming the character and working reputation of the plaintiff without permanent employment or medical benefits to date as of May 22, 2008. It certainly appears as the court has also joined the defendant in adding to the pain and suffering of the plaintiff protecting and exercising her civil rights as an African American citizen of the United States of America.

Plaintiff has not been favored for any relief from the court, which continues to favor the defendant in the complaint, the mediation and disrespect of such motions made moot by the court.

The plaintiff has been rendered unemployed since November 6, 2006, with no health benefits due to the discriminating behavior of the defendant and biased conditions of the mediator issuing incorrect dates of deadlines, not giving merit analysis, becoming intimated by the defense attorney to result in badgering the plaintiff, coupled with the court decisions to grant the every wish of the defendant against the pro se plaintiff, in addition to lacking to find any appropriate law to grant the elderly African American woman needed relief. If only the plaintiff was white, she would be treated fairly or had no need to file a complaint on May 10, 2007.

The plaintiff prays that the court will grant the order to seal the memorandum opinion and find any law to benefit the plaintiff during this injustice. The plaintiff prays for empathy to survive as a healthy employed citizen of the United States of America.

Jacqueline T. Robinson-Reeder
2140 Brooks Drive, #421
District Heights, Maryland 20747
(301) 967-1092

3